THE STATE OF OHIO, APPELLANT, *v.* DONALD, APPELLEE.

[Cite as State v. Donald (1979), 57 Ohio St. 2d 73.]

(No. 78-808—Decided March 21, 1979.)

*Mr. Lee C. Falke*, prosecuting attorney, and *Mr. Gary W. Crim*, for appellant.

*Mr. Terry E. Timblin*, for appellee.

WHITESIDE, J. The sole issue raised by the state on this appeal is whether the offense of rape, a violation of R. C. 2907.02(A)(1), and the crime of kidnapping, a violation of R. C. 2905.01(A)(4), are allied offenses of similar import within the contemplation of R. C. 2941.25(A).[1]

R. C. 2905.01(A)(4) defines "kidnapping" as follows:

"No person, by force, threat, or deception * * * shall remove another from the place where he is found or restrain him of his liberty, for any of the following purposes:

"* * *

"(4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against his will;"

Accordingly, the crime of kidnapping, as herein involved, requires the following elements: (1) the use of force, threat, or deception; (2) either (a) removal of the victim from the place where he is found, or (b) restraint of the victim's liberty; and (3) that the first two elements are committed for the purpose of engaging in sexual activity with the victim against his will.

R. C. 2907.02(A)(1) defines the crime of rape as follows:

"No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:

"(1) The offender purposely compels the other person to submit by force or threat of force."

A comparison of R. C. 2907.02(A)(1) and 2905.01(A)

---

[1] R. C. 2941.25(A) provides that: "Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one."

(4) clearly indicates similarity between the two offenses. Both offenses, by their very nature, are committed for the same purpose.[2] The kidnapping precedes the actual rape, but can be committed whether the conduct of the offender ultimately results in rape. The use of force or threat of force is a necessary element of the crime of rape, and the same force or threat may constitute one of the elements of kidnapping, although the kidnapping may also be committed by deception. Necessarily, in the crime of rape, the victim must be restrained of her liberty, which can constitute an element of kidnapping. As indicated, the motivation is the same. Within the contemplation of R. C. 2941.25(A), allied crimes of similar import necessarily must consist of crimes committed for the same purpose. As the Court of Appeals stated in its decision, R. C. 2941.-25(A) "* * * prohibits duplication where both crimes are motivated by a single purpose and where both convictions rely upon identical conduct and the same evidence."[3]

Accordingly, we find that kidnapping, as defined by R. C. 2905.01(A)(4), is an "offense of similar import" to rape, as defined by R. C. 2907.02(A)(1), within the contemplation of R. C. 2941.25.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN and SWEENEY, JJ., concur.

HOLMES, J., not participating.

WHITESIDE, J., of the Tenth Appellate District, sitting for LOCHER, J.

---

[2]Although "sexual activity" is sufficient motive for kidnapping, R. C. 2907.01(C) defines that term to include the "sexual conduct" required for rape.

[3]No issue has been raised or determined as to whether the two offenses were "committed separately or with a separate animus as to each," within the provision of R. C. 2941.25(B) permiting conviction of two or more similar offenses under such circumstances.