THE STATE OF OHIO, APPELLEE, *v.* PARKER, APPELLANT.

(No. 9579 — Decided April 14, 1986.)

*Lee C. Falke,* prosecuting attorney, and *Ted E. Millspaugh,* for appellee.

*Tye & Tye,* and *Timothy N. Tye,* for appellant.

KERNS, J. The defendant, Tyrone Parker, was tried by jury in the Court of Common Pleas of Montgomery County and found guilty of aggravated burglary, kidnapping, and robbery, and from the judgment and sentence thereupon entered in the trial court, Parker has perfected an appeal to this court.

According to the evidence, Donna Allen was lying in bed in her apartment during the early morning hours of June 22, 1985 when she heard noises coming from the direction of another bedroom. As she arose, she saw a man peeking around the corner into her room, and with a nearby streetlight shining through her window, she immediately recognized the man as Tyrone Parker, whom she had known for several years. At that point, the intruder approached her bed and placed a blanket over her head, after which he proceeded to tie her hands behind her back with a string from her sweatpants. The assailant then advised Allen that she would not get hurt if she stayed quiet and cooperated,

and he then asked her if she had any money. Allen recognized the voice to be that of Tyrone Parker, who was commonly known as "Romey," and as he went through her purse, she heard his companions as they were removing stereo equipment from another room. During the robbery, she heard Parker refer to one of his companions as "Greg," and she guessed that he was referring to a friend of his named Greg Harris.

After the crimes had been completed, Allen freed herself and called the police, and upon their arrival at the scene, Allen informed them of Parker's identity. She also directed the police to his sister's nearby apartment. Thereafter, Allen picked a picture of Parker from a photo-spread shown to her by the police. A few days after the incident, Tyrone Parker and Greg Harris were spotted together on the street and approached by the police, whereupon both attempted to flee.

After guilty verdicts had been entered by the jury to all three charges, the common pleas court sentenced Parker to terms of from ten to twenty-five years on the counts of aggravated burglary and kidnapping, and to a term of three to fifteen years on the single court of robbery, with all of the sentences to be served concurrently.

The appellant has set forth two assignments of error, the first of which alleges that "the convictions of the defendant are erroneous because they are against the manifest weight of the evidence." However, the record shows that the testimony of Allen, when coupled with that of the investigating officers, was sufficient, if believed by the jury, to support each element of the various offenses by the requisite degree of proof. See *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132. Among other things, Allen positively recognized Parker's appearance and voice, and her observations were based upon a long-term acquaintance with him. Furthermore, Allen presented a detailed description of Parker's activities at the scene of the crimes. Upon the whole record, there was ample credible evidence to support the determination of the jury (*State* v. *DeHass* [1967], 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212; *State* v. *Thomas* [1982], 70 Ohio St. 2d 79, 24 O.O. 3d 150, 434 N.E. 2d 1356), and this being the case, the first assignment of error is overruled.

For his second assignment of error, Parker urges that "the trial court erred in entering judgments of conviction for both robbery and kidnapping, which under the circumstances of the case are allied offenses of similar import." In this regard, R.C. 2941.25 provides specifically as follows:

"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

The crime of kidnapping does not readily protrude from the operative facts of this case, and we have encountered some difficulty in attempting to bring the facts within the guidelines adopted by the Supreme Court of Ohio in *State* v. *Logan* (1979), 60 Ohio St. 2d 126, 14 O.O. 3d 373, 397 N.E. 2d 1345, where the court said in the syllabus:

"In establishing whether kidnapping and another offense of the same or similar kind are committed with a separate animus as to each pursuant to R.C. 2941.25(B), this court adopts the following guidelines:

"(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

"(b) Where the asportation or restraint of the victim subject the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions."

Here, there was no asportation of the victim of the crime, and the restraint of Allen was not so prolonged as to demonstrate a significance independent of the element of force needed to support the conviction of robbery. Furthermore, both crimes appear to have been motivated by a single purpose, and both convictions rely upon similar conduct and substantially the same evidence. See *State* v. *Donald* (1979), 57 Ohio St. 2d 73, 11 O.O. 3d 242, 386 N.E. 2d 1341. See, also, *State* v. *Dishon* (Aug. 4, 1981), Clark App. No. 1507, unreported.

In the *Logan* case, the court specifically observed that every robbery is attended by the restraint necessary to complete the robbery, but that without something more, convictions of both kidnapping and robbery would be prohibited by the multiple-counts statute. Furthermore, the evidence in the present case does not suggest that the restraint applied to the victim created a risk of harm which was separable from that involved in the underlying offense of robbery.

In applying the *Logan* guidelines, and in view of facts which show nothing more than a single animus, we are of the opinion that R.C. 2941.25(A) militates against convictions for both robbery and kidnapping and, accordingly, the alleged error must be sustained. Therefore, the concurrent term of from ten to twenty-five years on the count of kidnapping will be set aside, and as so modified, the judgment and sentence of the common pleas court will be affirmed.

*Judgment modified.*

BROGAN, P.J., and WILSON, J., concur.