In March 1995, appellant was indicted on one count of rape, a violation of R.C. 2907.02, and one count of kidnapping, a violation of R.C. 2905.01. A jury trial was held and the jury found appellant guilty on both counts. The trial court merged the offenses and imposed a sentence of ten to twenty-five years of imprisonment on the rape charge.
Appellant filed a notice of appeal from the judgment entry and this court found that the testimony of the fingerprint expert impermissibly revealed that appellant had a prior conviction and that appellant's motion for mistrial should have been granted. This court reversed the trial court's judgment and remanded the case for a new trial. See State v.Staten (June 20, 1996), Franklin App. No. 95APA12-1664, unreported (1996 Opinions 2457).
The case was assigned to a different trial judge. Appellant argued that, because the rape and kidnapping were merged for purposes of sentencing and he was sentenced on the rape charge, he was, in essence, acquitted of kidnapping and could be retried only upon the rape charge. The trial court disagreed and the case was retried on both the rape and kidnapping charges. The jury again found appellant guilty on both charges. The trial court held a hearing and found appellant to be sexual predator. The trial court then found that the offenses did not merge and imposed a sentence of ten to twenty-five years imprisonment on the rape charge and five to twenty-five years on the kidnapping charge to run consecutive to the rape charge. Appellant has again appealed, and raises the following assignments of error:
 "I. THE TRIAL COURT ERRED BY PERMITTING THE STATE TO IMPEACH THE DEFENDANT BY QUESTIONING HIM AS TO A CONVICTION FOR GROSS SEXUAL IMPOSITION.
 "II. THE TRIAL COURT AT THE INITIAL TRIAL HAVING FOUND THAT THE RAPE AND KIDNAPPING MERGED FOR PURPOSES OF SENTENCING AND THEN SENTENCING THE DEFENDANT FOR RAPE, THE TRIAL COURT UPON RETRIAL ERRED BY PERMITTING THE STATE TO RETRY THE DEFENDANT ON THE KIDNAPPING CHARGE AND IMPOSING A CONSECUTIVE SENTENCE FOR SAID CHARGE, RESULTING IN AN INCREASED SENTENCE. THIS ACTION VIOLATED THE DEFENDANT'S RIGHTS NOT TO BE PLACED TWICE IN JEOPARDY AND RIGHTS TO DUE PROCESS OF LAW PURSUANT TO THE CONSTITUTIONS OF OHIO AND THE UNITED STATES AND THE OHIO REVISED CODE.
 "III. THE FINDING THAT DEFENDANT IS A SEXUAL PREDATOR IS NOT SUPPORTED BY EVIDENCE SUFFICIENT BY LAW AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
The guilty findings in this case arise out of facts which occurred on September 5, 1989. The victim, Vicki Skordilis, testified that she is a nurse and left her job at the hospital at approximately midnight. She met her fiance at the High Beck bar on the corner of High and Beck Streets. They stayed at the bar for approximately one to one and one-half hours. They left in separate cars, she was following her fiance.
At the corner of Hoster and Third, her fiance was involved in a car accident. Skordilis testified she pulled her car to the curb and attempted to help the people involved in the accident. One of the men had a serious head injury and was bleeding heavily. Phillip Miller testified that he heard the crash and went outside to help. He handed Skordilis a towel to help stop the bleeding. Skordilis testified that an ambulance arrived and took the three injured men to Grant Hospital. She was going to follow in her car when a man approached her and offered to drive her to the hospital. She accepted and they left. Immediately she noticed he was going the wrong way to the hospital.
At the intersection of Sixth Street and Livingston Avenue, Skordilis testified that appellant pinned her against the seat. He began to strangle her and threatened to kill her if she did not do everything he said to do. She struggled and they fought until she was in the driver's seat and he was standing just outside the car in the area of the door. He unzipped his pants and forced her to perform fellatio. He stopped and told her to masturbate while he did also. He grabbed a shirt from the backseat and continually covered her face with it as she tried to take it off. Then he told her he was leaving. She drove herself to the hospital where she called the police.
Appellant's version of the facts differed. He testified that he had been hunting with a friend and came upon the scene of the accident. He parked his car and offered to help. He testified that Skordilis asked him to retrieve a rag from her car to help the bleeding victim, and then to move her car. When the police and ambulance arrived, he stated that he drove his car home.
By the first assignment of error, appellant contends that the trial court erred by permitting the state to impeach him by questioning him as to a conviction for gross sexual imposition. The prosecution was permitted to ask appellant if he had been convicted of gross sexual imposition in 1990. Evid.R. 609(A) sets forth the general rule for impeachment by use of convictions as follows:
 "For the purpose of attacking the credibility of a witness:
"* * *
 "(2) notwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B), evidence that the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the accused was convicted and if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
In State v. Wright (1990), 48 Ohio St.3d 5, 7, the Supreme Court of Ohio stated that Evid.R. 609 must be read in conjunction with Evid.R. 403, and the trial court has broad discretion under Evid.R. 609 to determine the extent of allowable testimony. The court quoted the syllabus of State v.Amburgey (1987), 33 Ohio St.3d 115, as follows:
 "Under Evid. R. 609, a trial court has broad discretion to limit any questioning of a witness on cross-examination which asks more than the name of the crime, the time and place of conviction and the punishment imposed, when the conviction is admissible solely to impeach general credibility."
In State v. Kaiser (1978), 56 Ohio St.2d 29, 32, the court stated that a defendant who testifies may be asked questions on cross-examination concerning prior convictions. Thus, the trial court had broad discretion to permit the questioning of appellant concerning his conviction of gross sexual imposition in 1990. In the absence of an abuse of discretion, the decision of the trial court will be affirmed. An abuse of discretion connotes more than just an error of judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
In this case, appellant was only asked whether he had been convicted of gross sexual imposition and the year, and the trial court did not abuse its discretion in permitting such a question. State v. Roberts (June 11, 1981), Franklin App. No. 81AP-18, unreported (1981 Opinions 1603). Appellant's first assignment of error is not well-taken.
By the second assignment of error, appellant contends that the trial court erred in retrying him on both the kidnapping and rape charges, and failing to merge the sentences. Appellant argues that, since the court in the first trial found that the rape and kidnapping charges merged and only sentenced appellant on the rape charge, he was, in essence, acquitted of kidnapping and the court in the second trial violated his double jeopardy rights by retrying him on the kidnapping charge.
The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution protect a defendant from being put in jeopardy twice for the same offense. The clauses protect against a second prosecution for the same offense after acquittal, successive punishments, as well as successive prosecutions, for the same offense. Ohio v. Johnson (1984),467 U.S. 493, 497; State v. Moore (1996), 110 Ohio App.3d 649, 652, citing United States v. Dixon (1993), 509 U.S. 688, 704, andNorth Carolina v. Pearce (1969), 395 U.S. 711.
In this case, appellant filed a notice of appeal from the first trial appealing from the judgment entry which stated appellant had been found guilty of both rape and kidnapping but the "two offenses of which Defendant was convicted (rape and kidnapping) must merge for purposes of sentencing." This court stated that appellant was appealing both the rape and kidnapping findings. See Staten, at 2457.
Appellant contends that he was not convicted of the kidnapping charge because the sentence merged with the rape sentence. We disagree. R.C. 2941.25 is a sentencing statute.State v. Kent (1980), 68 Ohio App.2d 151, 158. In this case, appellant was found guilty of both offenses but was sentenced to serve only one sentence for both crimes. Appellant was not acquitted of the charge of kidnapping but, for purposes of sentencing, his conduct merged with rape and he served one sentence for two offenses. Because appellant benefitted from the application of R.C. 2941.25 does not mean the finding of guilty on the charge of kidnapping no longer exists, rather, it becomes part of the rape offense for sentencing purposes and he is to serve one sentence for both offenses. State v. Edmunds
(July 19, 1994). Franklin App. No. 94APA01-54, unreported (1994 Opinions 3266).
Appellant's retrial on the kidnapping charge did not violate his double jeopardy rights because "it is a fundamental, long-settled principle 'that a successful appeal of a conviction precludes a subsequent plea of double jeopardy.' (Emphasis added.)" State v. Keenan (1998), 81 Ohio St.3d 133,141, citing United States v. Scott (1978), 437 U.S. 82, 89.
In its earlier decision, this court found that appellant's motion for mistrial should have been granted and ordered a complete new trial. "A reversal of a judgment in a criminal case merely places the state and the defendant in the same position as they were in before trial." State v. Liberatore
(1982), 69 Ohio St.2d 583, paragraph two of the syllabus. Thus, no part of the former trial remained, all parties returned to their earlier position and no double jeopardy rights are implicated by retrying appellant on both the rape and kidnapping charges.
Appellant also argues that following the retrial, the sentences for the two offenses should have been merged. R.C.2941.25, Ohio's allied offense statute, protects against multiple punishments for the same criminal conduct which could violate the Double Jeopardy Clauses of the United States and Ohio Constitutions. Moore, at 653. R.C. 2941.25 provides as follows:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
The Supreme Court of Ohio has explained the purpose of R.C.2941.25, in State v. Logan (1979), 60 Ohio St.2d 126, 131, quoting State v. Botta (1971), 27 Ohio St.2d 196, 201, as follows:
 "It is apparent that the statute has attempted to codify the judicial doctrine — sometimes referred to as the doctrine of merger, and other times as the doctrine of divisibility of offenses — which holds that 'a major crime often includes as inherent therein the component elements of other crimes and that these component elements, in legal effect, are merged in the major crime.' * * *" (Footnotes omitted.)
R.C. 2941.25 requires us to apply a two-step test to determine whether two or more offenses are allied offenses of similar import. The first step requires a comparison of the elements of the two crimes to determine whether they correspond to such a degree that the commission of one crime results in the commission of the other crime. If so, the crimes are allied offenses of similar import. The second step requires the court to review the defendant's conduct to determine whether the defendant can be convicted of both offenses. If the court finds either that the offenses were committed separately or that there was a separate animus for each offense, the defendant may be convicted of both offenses.Newark v. Vazirani (1990), 48 Ohio St.3d 81, syllabus, approving and following State v. Blankenship (1988), 38 Ohio St.3d 116,117.
The elements of these crimes correspond so that the commission of a rape could result in a kidnapping, depending upon the facts of the case. The Supreme Court of Ohio has found kidnapping and rape to be allied offenses of similar import and that a defendant may only be punished for both offenses if they are committed separately or with a separate animus as to each within the meaning of R.C. 2941.25(B). SeeState v. Price (1979), 60 Ohio St.2d 136, paragraph five of the syllabus, approving and following State v. Donald (1979),57 Ohio St.2d 73, and Logan.
In the syllabus of Logan, the Supreme Court of Ohio established guidelines to determine whether kidnapping and another offense are of the same or similar kind, and committed with a separate animus as follows:
 "(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;
 "(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions."
In this case, the kidnapping was merely incidental to the underlying rape. There was no separate animus; appellant kidnapped the victim in order to rape her. The restraint was not prolonged, nor secretive, since it happened on the street at an intersection. The movement was not so substantial as to demonstrate a significant independence of the rape since the asportation was two blocks. There was not a substantial increase in the risk of harm separate and apart from the rape. Thus, the trial court should have merged the sentences in this case. Appellant's second assignment of error is well-taken in part and overruled in part.
By the third assignment of error, appellant contends that the finding that appellant is a sexual predator is not supported by the evidence and is against the manifest weight of the evidence. The standard of review for sufficiency of the evidence is if, while viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v. Thompkins
(1997), 78 Ohio St.3d 380, 386.
The test for determining whether a conviction is against the manifest weight of the evidence differs somewhat from the test as to whether there is sufficient evidence to support the conviction. With respect to manifest weight, the evidence is not construed most strongly in favor of the prosecution, but the court engages in a limited weighing of the evidence to determine whether there is sufficient, competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. See State v.Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported (1993 Opinions 5437). In Thompkins, at 387, the court stated:
 "* * * Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence
sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' (Emphasis added.) Black's [Law Dictionary (6 Ed. 1990)], at 1594."
 R.C. 2950.01(E) defines a "sexual predator" as follows:
 "* * * [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
The state provided the victim's testimony in this case and appellant's testimony, including the admission that he had been convicted of gross sexual imposition in 1990. The court considered the factors provided in R.C. 2950.09(B) (2), to determine if appellant is a sexual predator, including appellant's prior convictions of breaking and entering, theft and gross sexual imposition.[1] Also, the court considered the circumstances of this case in which appellant restrained the victim's liberty for the purpose of engaging in sexual behavior, induced more fear by covering her face, and made a death threat. The court found these facts fell within R.C.2950.09(B)(2)(h), involving a pattern of abuse. Under R.C.2950.09(B)(2)(i), appellant made a threat of cruelty by threatening death. The court found that these factors were clear and convincing evidence that appellant is a sexual predator and that these factors outweighed the evidence provided by appellant.
Appellant provided evidence from his brother-in-law that, after serving a prison sentence on the 1990 convictions, appellant was a changed man and held a job. Appellant also provided a psychological report to the court from 1990 in which the doctor represented that appellant presented no danger; however, that doctor did not have knowledge of the facts underlying this case. (Tr. 422.) That report is not part of the record before this court.
Given the evidence, a rational trier of fact could have found by clear and convincing evidence the essential elements that appellant is likely to reoffend, given his two convictions for sexually related offenses, and is a sexual predator. Viewing the evidence in a light most favorable to the prosecution, the evidence constitutes sufficient, competent, credible evidence which could convince a reasonable trier of fact by clear and convincing evidence that appellant is likely to reoffend.
Appellant also contends that the trial court applied the incorrect standard when determining if appellant is a sexual predator. Appellant relies upon the following statement by the court:
 "THE COURT: Okay. As the court understands its responsibility at this point, I need to make a determination of whether or not by clear and convincing evidence considering factors that are stated in 2950.09 whether I believe that this gentleman fits under the category of sexual predator, which basically means he is a risk to reoffend and should he be required to make the reporting, the sorts of requirements once he is released from the institution." (Tr. 424.)
Defense counsel informed the trial court that it had misstated the standard, as follows:
 "MR. TYACK: The language, Your Honor, is likely to reoffend, not risk. That's the statutory definition." (Tr. 424.)
The court responded:
 "THE COURT: I guess I was paraphrasing." (Tr. 424.)
When the trial court made its determination, it stated as follows:
 "So for all those reasons the court is convinced by clear and convincing evidence that this defendant is a sexual predator, and that finding will be made a part of the sentencing entry." (Tr. 426.)
Since appellant's counsel informed the trial court of its misstatement, and the trial court recognized its misstatement and stated it merely was paraphrasing the statute at that time, we find the trial court did not apply the wrong standard. Appellant's third assignment of error is not well-taken.
For the foregoing reasons, appellant's first and third assignments of error are overruled and appellant's second assignment of error is sustained in part and overruled in part, and this cause is remanded to the Franklin County Court of Common Pleas for resentencing.
Judgment affirmed in part, reversed in part, and causeremanded.
BRYANT and DESHLER, JJ., concurring in part and dissenting in part.
[1]R.C. 2950.09(B) (2) provides:
"(2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
"(a) The offenders age;
"(b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
"(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
"(d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
"(e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
"(f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
"(g) Any mental illness or mental disability of the offender;
"(h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
"(i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
"(j) Any additional behavioral characteristics that contribute to the offender's conduct."