MEMORANDUM DECISION
Defendant-appellant, Jerry L. Hike, moves this court to certify its opinion in this case, State v. Hike (June 29, 1999), Franklin App. No. 98AP-1126, unreported (1999 Opinions 1881) as being in conflict withState v. Parker (1986), 31 Ohio App.3d 128, State v. Williamson
(Jan. 10, 1994), Clermont App. No. CA93-04-034, unreported, State v. Stone
(Mar. 14, 1991), Cuyahoga App. No. 58137, unreported, and State v. Fletcher
(Nov. 25, 1987), Cuyahoga App. No. 52906, unreported.
Motions seeking an order to certify a conflict are governed by Section 3, Article IV, Ohio Constitution and R.C. 2501.12, which provides for such a motion when "the judgment of the court of appeals in the case is in conflict with a judgment pronounced upon the same question by another court of appeals of this state * * *." Similarly, Section 3(B)(4), Article IV, Ohio Constitution, requires "the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be `upon the same question.'" Whitelock v.Gilbane Bldg. Co. (1993), 66 Ohio St.3d 594, 596. (Emphasis sic). Defendant contends the four noted cases satisfy that test in relation to our decision in this case.
Each of the four cases defendant cites involves a defendant convicted of multiple offenses, including kidnapping. In each, the reviewing court found no separate animus and vacated, in each case, the kidnapping sentence.
None of those four cases, however, mentions the prosecution's right to elect on which charge a defendant is to be sentenced if defendant is convicted of allied offenses of similar import pursuant to R.C. 2941.25. Thus, no conflict exists between those cases and this case "upon the same question." Accordingly, defendant's motion to certify a conflict is denied.
Motion denied.
LAZARUS, P.J., and TYACK, J., concur.