THE STATE OF OHIO, CROSS-APPELLANT, *v.* WINN, CROSS-APPELLEE.

[Cite as *State v. Winn*, 121 Ohio St.3d 413, 2009-Ohio-1059.]

*Criminal law — Allied offenses of similar import — R.C. 2941.25 — The crime of kidnapping, defined by R.C. 2905.01(A)(2), and the crime of aggravated robbery, defined by R.C. 2911.01(A)(1), are allied offenses of similar import pursuant to R.C. 2941.25.*

(No. 2007-1842 — Submitted September 30, 2008 — Decided March 17, 2009.)

APPEAL from the Court of Appeals for Montgomery County,

No. 21710, 173 Ohio App.3d 202, 2007-Ohio-4327.

————————————

SYLLABUS OF THE COURT

The crime of kidnapping, defined by R.C. 2905.01(A)(2), and the crime of aggravated robbery, defined by R.C. 2911.01(A)(1), are allied offenses of similar import pursuant to R.C. 2941.25.

————————————

LANZINGER, J.

**I**

{¶ 1} This appeal asks us to once again determine whether two separate crimes are considered allied offenses of similar import pursuant to R.C. 2941.25. For the following reasons, we hold that the crimes of kidnapping (R.C. 2905.01(A)(2)) and aggravated robbery (R.C. 2911.01(A)(1)) are allied offenses.

**II**

{¶ 2} Defendant, Davon Winn, with two accomplices, entered the apartment of the victim of his crimes using a pry bar. One of the men entered brandishing a gun, which he pointed at the victim while ordering her to return to her bedroom. The man had her lie on the bed and cover her face with a pillow.

He pushed the gun against her head through the pillow and demanded money. The apartment was ransacked until the police arrived.

{¶ 3} A neighbor called the police after he heard banging on the victim's apartment door and, through his peephole, saw the men prying open the door. Realizing the police had arrived, the three men hid their two guns, gloves, a mask, and the pry bar in the apartment. When police ordered the men out of the apartment, Winn's two accomplices complied, but he stayed behind until the police entered the apartment to arrest him.

{¶ 4} Winn was convicted by jury of aggravated robbery, aggravated burglary, and kidnapping, with each including a firearm specification, and three counts of tampering with evidence. The trial court sentenced him to ten years in prison, which included separate seven-year sentences for the aggravated robbery and kidnapping convictions, to be served concurrently. Upon Winn's appeal of his convictions and sentence, the court of appeals held that kidnapping and aggravated robbery are allied offenses of similar import and that the convictions must be merged. *State v. Winn*, 173 Ohio App.3d 202, 2007-Ohio-4327, 877 N.E.2d 1020, ¶ 34. The court therefore vacated the separate sentence on the kidnapping conviction. Id. at ¶ 35.

{¶ 5} We accepted the discretionary cross-appeal of the cross-appellant, state of Ohio, on two propositions of law: (1) "Any inquiry into the appropriateness of cumulative punishments imposed for multiple offenses under Ohio's multiple count statute must end when the statutory elements of the offenses, compared in the abstract, do not correspond to such a degree that the commission of one offense will necessarily result in the commission of the other" and (2) "Ohio's multiple count statute offers no protection from cumulative punishments for aggravated robbery and kidnapping because they are not allied offenses of similar import." Because these propositions are related, we consider both together.

### III

**{¶ 6}** As the court discussed in *State v. Rance* (1999), 85 Ohio St.3d 632, 635, 710 N.E.2d 699, whether cumulative punishments for two separate offenses stemming from the same conduct violate the Double Jeopardy Clause is determined by the legislative intent found in R.C. 2941.25, Ohio's multiple-count statute. The statute " 'is a clear indication of the General Assembly's intent to permit cumulative sentencing for the commission of certain offenses,' " which "precludes an 'unconstitutional' label." Id. at 635-636, quoting *State v. Bickerstaff* (1984), 10 Ohio St.3d 62, 66, 10 OBR 352, 461 N.E.2d 892, fn. 1.

**{¶ 7}** R.C. 2941.25 provides:

**{¶ 8}** "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

**{¶ 9}** "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

**{¶ 10}** We have said that the application of this statute involves a two-tiered analysis. *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶ 18, citing *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 14. " 'In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's *conduct* is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either

that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.' " (Emphasis sic.) Id. at ¶ 19, quoting *State v. Blankenship*, 38 Ohio St.3d 116, 117, 526 N.E.2d 816. The state's propositions of law do not challenge the appellate court's determination that Winn did not have a separate animus for the kidnapping and aggravated robbery, so we need not address that issue.

{¶ 11} In *Rance*, 85 Ohio St.3d at 637-638, 710 N.E.2d 699, we held that the first step for determining whether two offenses are allied offenses of similar import requires comparing the statutory elements in the abstract, rather than comparing the offenses as charged in a particular indictment. Recently, however, we cautioned that the *Rance* test had been mistakenly applied in a narrow way by several courts: "[N]owhere does *Rance* mandate that the elements of compared offenses must exactly align for the offenses to be allied offenses of similar import under R.C. 2941.25(A). To interpret *Rance* as requiring a strict textual comparison would mean that only where *all* the elements of the compared offenses coincide *exactly* will the offenses be considered allied offenses of similar import under R.C. 2941.25(A)." (Emphasis sic.) *Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 22.

{¶ 12} We rejected a "strict textual comparison" and stated, "Instead, if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import." Id. at ¶ 26. *Cabrales* explained that elements need not be identical for offenses to be allied.

{¶ 13} Turning to the elements of the offenses involved in this case, R.C. 2905.01 defines kidnapping as follows:

{¶ 14} "(A) No person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:

{¶ 15} "* * *

{¶ 16} "(2) To facilitate the commission of any felony or flight thereafter."

{¶ 17} R.C. 2911.01 defines aggravated robbery as follows:

{¶ 18} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:

{¶ 19} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it.

{¶ 20} "* * * "

{¶ 21} In essence, the elements to be compared in the abstract are the restraint, by force, threat, or deception, of the liberty of another to "facilitate the commission of any felony" (kidnapping, R.C. 2905.01(A)(2)) and having "a deadly weapon on or about the offender's person or under the offender's control and either display[ing] the weapon, brandish[ing] it, indicat[ing] that the offender possesses it, or us[ing] it" in attempting to commit or committing a theft offense (aggravated robbery, R.C. 2911.01(A)(1)). It is difficult to see how the presence of a weapon that has been shown or used, or whose possession has been made known to the victim during the commission of a theft offense, does not also forcibly restrain the liberty of another. These two offenses are "so similar that the commission of one offense will necessarily result in commission of the other." *Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, paragraph one of the syllabus. They meet the test for allied offenses as it was refined by *Cabrales*.

{¶ 22} Holding that kidnapping and aggravated robbery are allied offenses is also in keeping with 30 years of precedent. *State v. Logan* (1979), 60 Ohio St.2d 126, 130, 14 O.O.3d 373, 397 N.E.2d 1345, has been considered authority for the proposition that kidnapping and robbery are allied offenses of similar

import. *State v. Jenkins* (1984), 15 Ohio St.3d 164, 198, 15 OBR 311, 473 N.E.2d 264, fn. 29 (pre-*Rance* case, citing *Logan* for proposition that "implicit within every robbery (and aggravated robbery) is a kidnapping"); *State v. Fears* (1999), 86 Ohio St.3d 329, 344, 715 N.E.2d 136 (kidnapping specification merges with aggravated-robbery specification unless the offenses were committed with a separate animus); *State v. Davis,* 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 204, citing *Jenkins*, 15 Ohio St.3d at 198, 15 OBR 311, 473 N.E.2d 264, fn. 29 ("kidnapping is implicit within every aggravated robbery"); *Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E. 2d 181, at ¶ 18, 25.

{¶ 23} In *Logan*, this court concluded: "It is clear from the plain language of the statute that no movement is required to constitute the offense of kidnapping; restraint of the victim by force, threat, or deception is sufficient. Thus, implicit within every forcible rape (R.C. 2907.02[A][1]) is a kidnapping. The same may be said of robbery (R.C. 2911.02), and, under certain circumstances, of felonious assault (R.C. 2903.11)." 60 Ohio St.2d 126, 130, 14 O.O.3d 373, 397 N.E.2d 1345.

{¶ 24} Nor are we persuaded by the state's purse-snatcher or shoplifter scenarios. These examples lapse into the strict textual comparison that this court rejected in *Cabrales.* We would be hard pressed to find any offenses allied if we had to find that there is no conceivable situation in which one crime can be committed without the other.

## IV

{¶ 25} When analyzed in the abstract, the crime of kidnapping, defined by R.C. 2905.01(A)(2), and the crime of aggravated robbery, defined by R.C. 2911.01(A)(1), are allied offenses of similar import pursuant to R.C. 2941.25. The appellate court properly merged Winn's kidnapping conviction into his aggravated-robbery conviction and vacated the separate sentence imposed on the kidnapping charge. Accordingly, we affirm the judgment of the court of appeals.

Judgment affirmed.

PFEIFER, LUNDBERG STRATTON, and O'DONNELL, JJ., concur.

MOYER, C.J., and O'CONNOR and CUPP, JJ., dissent.

_____

**MOYER, C.J., dissenting.**

**I**

{¶ 26} Because I believe the majority improperly applies the jurisprudence we have developed for determining whether two offenses are allied offenses of similar import, I respectfully dissent. After accurately laying out the test we have developed in *State v. Rance* (1999), 85 Ohio St.3d 632, 636, 710 N.E.2d 699, and *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, the majority misapplies the test to create an unworkable standard.

**II**

{¶ 27} The test for determining allied offenses, as announced in *Cabrales*, and restated by the majority, is "if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will *necessarily* result in commission of the other, then the offenses are allied offenses of similar import." (Emphasis added.) *Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 26. It is apparent that committing a kidnapping does not necessarily result in an aggravated robbery, because the act of kidnapping can be committed without attempting to commit or committing a theft offense, as required for aggravated robbery. The reverse question is more complicated – whether one can commit an aggravated robbery without necessarily committing a kidnapping.

{¶ 28} The assertion that in committing a robbery one must restrain the liberty of the victim long enough to perform the theft, thereby committing the offense of kidnapping, may seem reasonable, but it is not always the case.

{¶ 29} There are a number of instances in which an aggravated robbery can be committed without a kidnapping being committed: e.g. (1) a pickpocket points a gun at the victim, but the victim does not know it, and therefore suffers no restraint of his liberty, (2) a purse-snatcher, with a gun in hand, simply grabs the purse and runs without restricting the victim's freedom, and, (3) altering the facts of this case, the defendant and his accomplices enter the apartment while the victim is still sleeping, and the gunman merely points the gun at the victim in case she awakes as the others ransack the apartment. These hypothetical but likely examples demonstrate that one does not necessarily commit a kidnapping when committing an aggravated robbery.

{¶ 30} The majority, in reaching the opposite conclusion, merely restates the pertinent elements of kidnapping and aggravated robbery and then concludes that "[i]t is difficult to see how the presence of a weapon that has been shown or used, or whose possession has been made known to the victim during the commission of a theft offense, does not also forcibly restrain the liberty of another." Majority opinion at ¶ 21. Any of the above hypotheticals, however, demonstrate how such a situation is entirely plausible. Any circumstance in which the offender displays his weapon but the victim does not see it could result in the commission of an aggravated robbery but not a kidnapping.

{¶ 31} The majority seems to acknowledge that there are circumstances in which an aggravated robbery can be committed without a kidnapping by citing the state's examples of the purse-snatcher and the shoplifter. The examples are quickly dismissed, however, as "laps[ing] into the strict textual comparison that this court rejected in *Cabrales*." Majority opinion at ¶ 24. This is a misreading of *Cabrales*. The strict textual-comparison method that we rejected is just what its name implies, a comparison of the statutory text of two offenses, which are deemed to be allied only if the text is found to be identical. We noted that "[o]ther than identical offenses, we cannot envision any two offenses whose

8

elements align *exactly*." (Emphasis sic.) *Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, at ¶ 22. In that case, we also provided the example of the allied offenses of theft and receiving stolen property. See id. at ¶ 25, citing *State v. Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845. A strict textual comparison would find the elements not to be identical, and therefore the crimes not to be allied offenses. Id. But one cannot logically commit theft without also receiving stolen property, so the commission of one offense necessarily results in commission of the other, making them allied offenses of similar import. Id. This is not the case for kidnapping and aggravated robbery, as the previous examples illustrate.

{¶ 32} The majority's dismissal of the state's examples ultimately amounts to a rewriting of the *Cabrales* test, which draws its effect from the word "necessarily." Id. at paragraph one of the syllabus. Necessarily is defined as "1) by or of necessity; as a matter of compulsion or requirement; 2) as a necessary, logical, or inevitable result." Random House Dictionary (2d Ed.1987) 1283. If there are evident examples of how aggravated robbery can be committed without a kidnapping, then the former does not inevitably result in the latter.

{¶ 33} Instead of requiring that the commission of one offense *necessarily* results in the commission of the other, the majority requires that the commission of one offense *probably* results in the commission of the other. According to this new standard, if the commission of one offense is, to some uncertain degree, likely to also result in the commission of another offense, then the two are considered allied offenses of similar import. The unworkability of this standard is apparent. Trial courts will have little guidance in determining when two offenses are similar enough that they should be merged as allied offenses.

{¶ 34} If a court determines that there are situations where offense A can be committed without committing offense B, it will then have to determine how common those situations are in comparison to cases where committing offense A

does result in committing offense B. Even if courts are able to make such a determination, which would be inherently imprecise, the majority decision here would then require those courts to compare that relative likelihood to a benchmark that is left undefined. This is a far cry from " 'producing "clear legal lines capable of application in particular cases." ' " *Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, at ¶ 15, quoting *Rance*, 85 Ohio St.3d at 636, 710 N.E.2d 699, quoting *Kumho Tire Co., Ltd. v. Carmichael* (1999), 526 U.S. 137, 148, 119 S.Ct. 1167, 143 L.Ed.2d 238.

## III

{¶ 35} The majority claims that "[w]e would be hard pressed to find any offenses allied if we had to find that there is no conceivable situation in which one crime can be committed without the other." Majority opinion at ¶ 24. I disagree. While this test, which I believe is the proper formulation of the *Cabrales* test, may restrict allied offenses to more limited circumstances than the majority would prefer, it does not reduce the set of allied offenses to nil. Our precedent proves this to be true.

{¶ 36} First, as noted above, *Cabrales* cites the example of *Yarbrough*, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, where we held that theft and receiving stolen property are allied offenses. Second, in *State v. Donald* (1979), 57 Ohio St.2d 73, 74-75, 11 O.O.3d 242, 386 N.E.2d 1341, we held that kidnapping, under R.C. 2905.01(A)(4), and rape, under former R.C. 2907.02(A)(1), now R.C. 2907.02(A)(2), are allied offenses. It is impossible to commit a rape, defined as engaging in sexual conduct with another by force or threat of force, without also committing kidnapping, defined as restraining the liberty of another by force, threat, or deception, to engage in sexual activity. Id.

{¶ 37} Finally, in *Cabrales* itself, we held that "trafficking in a controlled substance under R.C. 2925.03(A)(2) and possession of that same controlled substance under R.C. 2925.11(A) are allied offenses of similar import because

commission of the first offense *necessarily* results in commission of the second." (Emphasis sic.)  118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, at ¶ 30. We reasoned that "[i]n order to ship a controlled substance, deliver it, distribute it, or prepare it for shipping, etc. [as required for trafficking], the offender must 'hav[e] control over' it.  R.C. 2925.01(K) (defining 'possession')."  Id.  By having control over a substance, the offender is guilty of possession.  See id.

**{¶ 38}** In each of these three cases, the pair of crimes involved are allied offenses of similar import because it is logically impossible to commit one without committing the other; "there is no conceivable situation in which one crime can be committed without the other."  Majority opinion at ¶ 24.  Any concern the majority may have for how narrow this test may be does not change the fact that this is what we held in *Cabrales*.

**{¶ 39}** I concede that there is a legitimate concern that this strict interpretation of the *Cabrales* test could lead to absurd results in some cases.  This is why we developed the preemptive exception in *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 37, holding that resort to the two-tiered test developed in *Rance* and the subsequent opinions is unnecessary "when the legislature's intent is clear from the language of the statute."  In *Brown*, this led us to hold that separate convictions for aggravated assault under two different subdivisions of the same statute violated R.C. 2941.25, even though each form of the offense could be committed without necessarily committing the other form, because the General Assembly did not intend for the convictions to be separately punishable.  Id. at ¶ 39-40.  The subdivisions addressed "two different forms of the same offense, in each of which the legislature manifested its intent to serve the same interest – preventing physical harm to persons."  Id. at ¶ 39.

**{¶ 40}** The *Brown* exception does not, however, decide the issue before us because the intent of the General Assembly is not clear from the language of the statutes.  In this case, we are presented with two different offenses under different

statutory sections. The kidnapping statute serves the interest of protecting the physical liberty of persons, while the aggravated-robbery statute protects personal property. We must therefore apply the two-tiered analysis.

## IV

**{¶ 41}** Finally, the majority also argues that 30 years of precedent favors a holding that kidnapping and aggravated robbery are allied offenses. The cases cited by the majority do not control our decision. The primary authority cited, *State v. Logan* (1979), 60 Ohio St.2d 126, 14 O.O.3d 373, 397 N.E.2d 1345, is not persuasive. First, *Logan* was decided in 1979, 20 years before we established the two-tiered analysis for allied offenses in *Rance*, 85 Ohio St.3d 632, 710 N.E.2d 699. Second, the court's discussion of robbery and kidnapping was dicta in the opinion because the facts of the case involved the offenses of rape and kidnapping, and the statements in the opinion regarding robbery and kidnapping were made in the context of the court's analysis of animus. *Logan*, 60 Ohio St.2d at 131-132, 14 O.O.3d 373, 397 N.E.2d 1345. The court did not engage in an abstract analysis of the actual elements of each offense, as we have since expressly required in *Rance* and *Cabrales*. See *Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, at paragraph one of the syllabus; *Rance*, 85 Ohio St.3d at 637-638, 710 N.E.2d 699.

**{¶ 42}** The other cases cited by the majority also are not controlling. Our opinions in *State v. Jenkins* (1984), 15 Ohio St.3d 164, 198, 15 OBR 311, 473 N.E.2d 264, fn. 29; *State v. Fears* (1999), 86 Ohio St.3d 329, 344, 715 N.E.2d 136; and *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 204, all simply repeat the conclusory statement first made in *Logan*, that "implicit within every robbery (and aggravated robbery) is a kidnapping." *Jenkins* at 198, citing *Logan*, 60 Ohio St.2d at 130, 14 O.O.3d 373, 397 N.E.2d 1345. This court has never before performed a considered analysis of the elements of kidnapping and aggravated robbery to determine whether they are allied offenses of similar

import. It is not apparent, moreover, that the question of whether the offenses were allied offenses was before the court in any of the three cases. There is no indication that the state challenged the notion that implicit within every robbery is a kidnapping. In *Fears* and *Davis*, at least, the briefs of the state failed to argue the point. Instead, the court considered only the issue of whether a separate animus existed for each offense.

{¶ 43} Because our precedent does not firmly decide the issue before us, we cannot rely on it for authority.

## V

{¶ 44} I would reverse the judgment of the court of appeals and hold that kidnapping and aggravated robbery are not allied offenses of similar import, because aggravated robbery can be committed without necessarily committing kidnapping.

O'CONNOR and CUPP, JJ., concur in the foregoing opinion.

_____

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Jill R. Sink, Assistant Prosecuting Attorney, for cross-appellant.

Timothy Young, Ohio Public Defender, and Jeremy J. Masters, Assistant Public Defender, for cross-appellee.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, and Todd A. Nist, Assistant Solicitor, urging reversal for amicus curiae Attorney General of Ohio.

Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, urging affirmance for amicus curiae Cuyahoga County Public Defender.

_____