Moyer, C.J.,
dissenting.
*418 I
{¶ 26} Because I believe the majority improperly applies the jurisprudence we have developed for determining whether two offenses are allied offenses of similar import, I respectfully dissent. After accurately laying out the test we have developed in State v. Rance (1999), 85 Ohio St.3d 632, 636, 710 N.E.2d 699, and State v. Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, the majority misapplies the test to create an unworkable standard.
II
{¶ 27} The test for determining allied offenses, as announced in Cóbrales and restated by the majority, is “if, in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import.” (Emphasis added.) Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 26. It is apparent that committing a kidnapping does not necessarily result in an aggravated robbery, because the act of kidnapping can be committed without attempting to commit or committing a theft offense, as required for aggravated robbery. The reverse question is more complicated— whether one can commit an aggravated robbery without necessarily committing a kidnapping.
{¶ 28} The assertion that in committing a robbery one must restrain the liberty of the victim long enough to perform the theft, thereby committing the offense of kidnapping, may seem reasonable, but it is not always the case.
{¶ 29} There are a number of instances in which an aggravated robbery can be committed without a kidnapping being committed: e.g. (1) a pickpocket points a gun at the victim, but the victim does not know it, and therefore suffers no restraint of his liberty, (2) a purse-snatcher, with a gun in hand, simply grabs the purse and runs without restricting the victim’s freedom, and (3) altering the facts of this case, the defendant and his accomplices enter the apartment while the victim is still sleeping, and the gunman merely points the gun at the victim in case she awakes as the others ransack the apartment. These hypothetical but likely examples demonstrate that one does not necessarily commit a kidnapping when committing an aggravated robbery.
{¶ 30} The majority, in reaching the opposite conclusion, merely restates the pertinent elements of kidnapping and aggravated robbery and then concludes that “[i]t is difficult to see how the presence of a weapon that has been shown or used, or whose possession has been made known to the victim during the commission of a theft offense, does not also forcibly restrain the liberty of *419 another.” Majority opinion at ¶ 21. Any of the above hypothetical, however, demonstrate how such a situation is entirely plausible. Any circumstance in which the offender displays his weapon but the victim does not see it could result in the commission of an aggravated robbery but not a kidnapping.
{¶ 31} The majority seems to acknowledge that there are circumstances in which an aggravated robbery can be committed without a kidnapping by citing the state’s examples of the purse-snatcher and the shoplifter. The examples are quickly dismissed, however, as “laps[ing] into the strict textual comparison that this court rejected in Cabrales.” Majority opinion at ¶ 24. This is a misreading of Cabrales. The strict textual-comparison method that we rejected is just what its name implies, a comparison of the statutory text of two offenses, which are deemed to be allied only if the text is found to be identical. We noted that “[o]ther than identical offenses, we cannot envision any two offenses whose elements align exactly.” (Emphasis sic.) Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, at ¶ 22. In that case, we also provided the example of the allied offenses of theft and receiving stolen property. See id. at ¶ 25, citing State v. Yarbrough, 104 Ohio St.3d 1, 2004-0hio-6087, 817 N.E.2d 845. A strict textual comparison would find the elements not to be identical, and therefore the crimes not to be allied offenses. Id. But one cannot logically commit theft without also receiving stolen property, so the commission of one offense necessarily results in commission of the other, making them allied offenses of similar import. Id. This is not the case for kidnapping and aggravated robbery, as the previous examples illustrate.
{¶ 32} The majority’s dismissal of the state’s examples ultimately amounts to a rewriting of the Cabrales test, which draws its effect from the word “necessarily.” Id. at paragraph one of the syllabus. “Necessarily” is defined as “1) by or of necessity; as a matter of compulsion or requirement; 2) as a necessary, logical, or inevitable result.” Random House Dictionary (2d Ed.1987) 1283. If there are evident examples of how aggravated robbery can be committed without a kidnapping, then the former does not inevitably result in the latter.
{¶ 33} Instead of requiring that the commission of one offense necessarily results in the commission of the other, the majority requires that the commission of one offense probably results in the commission of the other. According to this new standard, if the commission of one offense is, to some uncertain degree, likely to also result in the commission of another offense, then the two are considered allied offenses of similar import. The unworkability of this standard is apparent. Trial courts will have little guidance in determining when two offenses are similar enough that they should be merged as allied offenses.
{¶ 34} If a court determines that there are situations in which offense A can be committed without committing offense B, it will then have to determine how *420 common those situations are in comparison to cases where committing offense A does result in committing offense B. Even if courts are able to make such a determination, which would be inherently imprecise, the majority decision here would then require those courts to compare that relative likelihood to a benchmark that is left undefined. This is a far cry from “ ‘producing “clear legal lines capable of application in particular cases.” ’ ” Cabrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, at ¶ 15, quoting Ranee, 85 Ohio St.3d at 636, 710 N.E.2d 699, quoting Kumho Tire Co., Ltd. v. Carmichael (1999), 526 U.S. 137, 148, 119 S.Ct. 1167, 143 L.Ed.2d 238.
Ill
{¶ 35} The majority claims that “[w]e would be hard pressed to find any offenses allied if we had to find that there is no conceivable situation in which one crime can be committed without the other.” Majority opinion at ¶ 24. I disagree. While this test, which I believe is the proper formulation of the Cóbrales test, may restrict allied offenses to more limited circumstances than the majority would prefer, it does not reduce the set of allied offenses to nil. Our precedent proves this statement to be true.
{¶ 36} First, as noted above, Cabrales cites the example of Yarbrough, 104 Ohio St.3d 1, 2004-Ohio-6087, 817 N.E.2d 845, in which we held that theft and receiving stolen property are allied offenses. Second, in State v. Donald (1979), 57 Ohio St.2d 73, 74-75, 11 O.O.3d 242, 386 N.E.2d 1341, we held that kidnapping, under R.C. 2905.01(A)(4), and rape, under former R.C. 2907.02(A)(1), now R.C. 2907.02(A)(2), are allied offenses. It is impossible to commit a rape, defined as engaging in sexual conduct with another by force or threat of force, without also committing kidnapping, defined as restraining the liberty of another by force, threat, or deception, to engage in sexual activity. Id.
{¶ 37} Finally, in Cabrales itself, we held that “trafficking in a controlled substance under R.C. 2925.03(A)(2) and possession of that same controlled substance under R.C. 2925.11(A) are allied offenses of similar import because commission of the first offense necessarily results in commission of the second.” (Emphasis sic.) 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, at ¶ 30. We reasoned that “[i]n order to ship a controlled substance, deliver it, distribute it, or prepare it for shipping, etc. [as required for trafficking], the offender must ‘hav[e] control over’ it. R.C. 2925.01(E) (defining ‘possession’).” Id. By having control over a substance, the offender is guilty of possession. See id.
{¶ 38} In all of these three cases, the pairs of crimes involved are allied offenses of similar import because it is logically impossible to commit one without committing the other; “there is no conceivable situation in which one crime can be committed without the other.” Majority opinion at ¶ 24. Any concern the *421 majority may have for how narrow this test may be does not change the fact that this is what we held in Cóbrales.
{¶ 39} I concede that there is a legitimate concern that this strict interpretation of the Cóbrales test could lead to absurd results in some cases. This concern is why we developed the preemptive exception in State v. Brown, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 37, holding that resort to the two-tiered test developed in Ranee and the subsequent opinions is unnecessary “when the legislature’s intent is clear from the language of the statute.” In Brown, this conclusion led us to hold that separate convictions for aggravated assault under two different subdivisions of the same statute violated R.C. 2941.25, even though each form of the offense could be committed without necessarily committing the other form, because the General Assembly did not intend for the convictions to be separately punishable. Id. at ¶ 39-40. The subdivisions addressed “two different forms of the same offense, in each of which the legislature manifested its intent to serve the same interest — preventing physical harm to persons.” Id. at ¶ 39.
{¶ 40} The Brown exception does not, however, decide the issue before us because the intent of the General Assembly is not clear from the language of the statutes. In this case, we are presented with two different offenses under different statutory sections. The kidnapping statute serves the interest of protecting the physical liberty of persons, while the aggravated-robbery statute protects personal property. We must therefore apply the two-tiered analysis.
IV
{¶ 41} Finally, the majority also argues that 30 years of precedent favors a holding that kidnapping and aggravated robbery are allied offenses. The cases cited by the majority do not control our decision. The primary authority cited, State v. Logan (1979), 60 Ohio St.2d 126, 14 O.O.3d 373, 397 N.E.2d 1345, is not persuasive. First, Logan was decided in 1979, 20 years before we established the two-tiered analysis for allied offenses in Rance, 85 Ohio St.3d 632, 710 N.E.2d 699. Second, the court’s discussion of robbery and kidnapping was dicta in the opinion because the facts of the case involved the offenses of rape and kidnapping, and the statements in the opinion regarding robbery and kidnapping were made in the context of the court’s analysis of animus. Logan, 60 Ohio St.2d at 131-132, 14 O.O.3d 373, 397 N.E.2d 1345. The court did not engage in an abstract analysis of the actual elements of each offense, as we have since expressly required in Rance and Cabrales. See Cóbrales, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, at paragraph one of the syllabus; Ranee, 85 Ohio St.3d at 637-638, 710 N.E.2d 699.
{¶ 42} The other cases cited by the majority also are not controlling. Our opinions in State v. Jenkins (1984), 15 Ohio St.3d 164, 198, 15 OBR 311, 473 N.E.2d 264, fn. 29; State v. Fears (1999), 86 Ohio St.3d 329, 344, 715 N.E.2d 136; *422 and State v. Davis, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 204, all simply repeat the conclusory statement first made in Logan, that “implicit within every robbery (and aggravated robbery) is a kidnapping.” Jenkins at 198, 15 OBR 311, 473 N.E.2d 264, citing Logan, 60 Ohio St.2d at 130, 14 O.O.3d 373, 397 N.E.2d 1345. This court has never before performed a considered analysis of the elements of kidnapping and aggravated robbery to determine whether they are allied offenses of similar import. It is not apparent, moreover, that the question of whether the offenses were allied offenses was before the court in any of the three cases. There is no indication that the state challenged the notion that implicit within every robbery is a kidnapping. In Fears and Davis, at least, the briefs of the state failed to argue the point. Instead, the court considered only the issue of whether a separate animus existed for each offense.
Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Jill R. Sink, Assistant Prosecuting Attorney, for cross-appellant.
Timothy Young, Ohio Public Defender, and Jeremy J. Masters, Assistant Public Defender, for cross-appellee.
Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, and Todd A. Nist, Assistant Solicitor, urging reversal for amicus curiae Attorney General of Ohio.
Robert L. Tobik, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, urging affirmance for amicus curiae Cuyahoga County Public Defender.
{¶ 43} Because our precedent does not firmly decide the issue before us, we cannot rely on it for authority.
Y
{¶ 44} I would reverse the judgment of the court of appeals and hold that kidnapping and aggravated robbery are not allied offenses of similar import, because aggravated robbery can be committed without necessarily committing kidnapping.
O’Connor and Cupp, JJ., concur in the foregoing opinion.