The STATE of Ohio, Appellee,

v.

WINN, Appellant.

[Cite as *State v. Winn,* 173 Ohio App.3d 202, 2007-Ohio-4327.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 21710.

Decided Aug. 24, 2007.

204

Mathias H. Heck Jr., Montgomery County Prosecuting Attorney, and Jill R. Sink, Assistant Prosecuting Attorney, for appellee.

Sandra J. Finucane, for appellant.

WOLFF, Presiding Judge.

{¶ 1} Following a three-day jury trial, Davon Winn was convicted of aggravated robbery, aggravated burglary, and kidnapping, all with firearm specifications, and three counts of tampering with evidence. The state dismissed one count of possession of criminal tools due to a faulty verdict form, and Winn was acquitted of one count of carrying a concealed weapon. The trial court sentenced him to an aggregate prison term of ten years. Winn appeals both his convictions and his sentence, presenting four assignments of error.

I

{¶ 2} At about 9:25 on the morning of January 11, 2006, Treva Hummons was lying in bed when she heard a noise at her front door. Her grandson's girlfriend, Teila Huffman, had spent the night and left earlier that morning, so Hummons thought Huffman was returning. As Hummons walked toward the living room, the door opened, and a man entered brandishing a handgun. The man pointed the gun in her face and ordered her back into the bedroom. He told her to lie on the bed and cover her face with a pillow, which she did. Hummons could feel the gun pushed against her head through the pillow while the man kept yelling, "Where's the money?" Hummons said that the only money she had was a $200 money order on her nightstand.

{¶ 3} Meanwhile, Hummons's neighbor, Charles Perkins, had heard the banging on Hummons's door. He looked through his peephole and saw a man using a pry bar to open her door while two other men stood by. Perkins immediately dialed 911.

{¶ 4} In the midst of ransacking Hummons's home, one of the intruders looked out the window and saw that police had arrived. He warned the others. They

hid a gun under Hummons's mattress along with gloves and a mask. They hid another gun in a box and the pry bar behind the dresser. Two of the men, Carlos Whiting and Timothy Body, complied with police orders to come out of the apartment, but Winn stayed in the kitchen until officers went in to get him. Perkins saw Whiting and Body leave the apartment, followed by Winn several minutes later. Perkins believed that it was Winn, by far the shortest of the three intruders, who had used the pry bar on the door.

{¶ 5} At trial, Winn claimed that when seeking a ride home, he was forced into committing the crimes by Whiting and Body, who believed that Hummons's incarcerated grandson, Toby McLardy, had drugs and money in a safe that he kept in the apartment. Winn previously gave police three other versions of the events of January 11, 2006, each differing from his trial testimony.

## II

{¶ 6} Winn's second assignment of error states:

{¶ 7} "Trial counsel was ineffective for failing to make or renew a [Crim.R.] 29 motion because insufficient evidence was presented to prove defendant-appellant's guilt of kidnapping, aggravated robbery, aggravated burglary, and three counts of tampering with evidence and the accompanying firearm specifications in violation of the Due Process Clause, and/or the defendant-appellant was entitled to be acquitted because he proved his affirmative defense of duress by [a] preponderance of the evidence."

{¶ 8} Winn's fourth assignment of error states:

{¶ 9} "Trial counsel was ineffective for failing to request a jury instruction on the affirmative defense of abandonment and/or failing [to] object to the court's jury instructions which did not include such an instruction."

{¶ 10} In his second and fourth assignments of error, Winn contends that his trial counsel was ineffective. First, he insists that counsel should have made and renewed a Crim.R. 29 motion for acquittal both because there was insufficient evidence of his guilt and because he had proven his affirmative defense of duress. Winn also argues that counsel should have ensured that an instruction on the affirmative defense of abandonment was given. We disagree in both regards.

{¶ 11} In order to prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate both deficient performance and resulting prejudice. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show deficiency, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Id. Trial counsel is entitled to a strong presumption that his conduct falls within the wide range of effective assistance. Id. Moreover, the adequacy of counsel's performance must be

viewed in light of all of the circumstances surrounding the trial court proceedings. Id. Hindsight may not be allowed to distort the assessment of what was reasonable in light of counsel's perspective at the time. *State v. Cook* (1992), 65 Ohio St.3d 516, 524, 605 N.E.2d 70.

{¶ 12} Even assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgment. *State v. Bradley* (1989), 42 Ohio St.3d 136, 142, 538 N.E.2d 373. Reversal is warranted only when the defendant demonstrates that there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. Id. In this case, Winn fails to meet either prong.

{¶ 13} Because, when faced with a Crim.R. 29 motion for acquittal, a trial court must view the evidence in a light most favorable to the state, "[f]ailure to move for an acquittal under Crim.R. 29 is not ineffective assistance of counsel where the evidence in the State's case demonstrates that reasonable minds can reach different conclusions as to whether the elements of the charged offense[s] have been proved beyond a reasonable doubt, and that such a motion would have been fruitless." *State v. Poindexter*, Montgomery App. No. 21036, 2007-Ohio-3461, 2007 WL 1953625, ¶ 29. Here, the state offered sufficient evidence to prove all elements of all offenses with which Winn was charged to warrant submitting the case to the jury.

{¶ 14} In regard to counsel's decision to not seek an instruction on abandonment, we first note that it cannot be said that the jury would have believed Winn's claim of abandonment had the instruction been given, particularly since the abandonment theory directly conflicts with Winn's claim of duress. Therefore, it is likely that counsel made that strategic choice to pursue the duress defense rather than the abandonment theory. Trial strategy decisions such as this will not be the basis of a finding of ineffective assistance of counsel. *State v. Dixon*, 101 Ohio St.3d 328, 2004-Ohio-1585, 805 N.E.2d 1042, ¶ 52.

{¶ 15} Finding no lack in Winn's legal representation and discerning no prejudice to his defense, we overrule Winn's second and fourth assignments of error.

## III

{¶ 16} Winn's first assignment of error states:

{¶ 17} "The admission of a photograph of a photograph of a person who was purported to be the defendant violated the best evidence rule, Evid.R. 1002, and defendant's right to Due Process as guaranteed by Article I, Section 16 of the

Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution."

{¶ 18} In his first assignment of error, Winn argues that the introduction and admission of a photograph of Hummons's living room, which was marked as a state's exhibit, violated the best-evidence rule and that his trial counsel was ineffective for failing to object to the use of the photo. Because testimony regarding the contents of a photograph depicted within the exhibit was not closely related to a controlling issue, the original of the depicted photograph was not necessary under Evid.R. 1004(4), and counsel was not ineffective for electing not to object to the use of the exhibit. Accordingly, Winn's first assignment of error fails.

{¶ 19} Evid.R. 1002 states: "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules or by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio." However, there are exceptions to that rule. Relevant to this case is Evid.R. 1004(4), which states: "The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if: (4) The writing, recording, or photograph is not closely related to a controlling issue."

{¶ 20} During the state's case in chief, the state offered the exhibit to depict the scene of the crime, and the trial court admitted it as such with no objection from Winn. When Winn took the stand, he denied knowing the victim's grandson, Toby McLardy. Although Winn later conceded that he knew McLardy from the neighborhood, he insisted that the two were not friends. The state called McLardy's girlfriend, Teila Huffman, as a rebuttal witness. Huffman explained that not only were Winn and McLardy friends, but she had seen a framed photograph of the two men together on top of the television in Ms. Hummons's living room. At that point, the state again used its exhibit, in which could be seen a framed photograph on top of the television. Although the contents of the framed photograph were unidentifiable in the exhibit photograph, Huffman identified the framed photograph as the one of Winn and McLardy about which she had testified.

{¶ 21} When Huffman testified that the photo was one of Winn and McLardy, she implicitly testified that in fact, Winn and McLardy were portrayed in the photo, thus implicating Evid.R. 1002. However, the friendship of Winn and McLardy is not closely related to a controlling issue in this case. There is no question that Winn was involved in the crimes against Hummons. He admitted to being present at the scene, claiming duress as his defense. The question of whether Hummons had a photo of Winn and McLardy on her television set is, at best, an issue collateral to Winn's guilt or innocence of the crimes alleged.

Accordingly, the original photograph of Winn and McLardy was not required. Evid.R. 1004(4).

{¶ 22} Winn also presents a cursory statement that trial counsel was ineffective for failing to object to the admission of the photograph of the living room. As already stated, the exhibit was admitted during the state's case in chief to depict the scene of the crime. There was no basis for objection at that point. Even if counsel had objected to use of the photo during Huffman's rebuttal testimony, such use was permissible pursuant to Evid.R. 1004(4). We cannot say that but for Huffman's testimony regarding the photograph, the outcome of the trial would have been different. Therefore, Winn cannot demonstrate the prejudice prong of *Strickland* and *Brady*.

{¶ 23} For these reasons, Winn's first assignment of error is without merit and is overruled.

## IV

{¶ 24} Winn's third assignment of error states:

{¶ 25} "The defendant-appellant's kidnapping conviction violates the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution and Section 10, Article I, of the Ohio Constitution."

{¶ 26} Here Winn maintains that his kidnapping and aggravated robbery convictions were required to be merged because the charges are allied offenses of similar import that were committed with the same animus. Because this issue was not raised in the trial court, Winn has waived all but plain error. *State v. Long* (1978), 53 Ohio St.2d 91, 95–96, 7 O.O.3d 178, 372 N.E.2d 804; Crim.R. 52(B). We have previously applied a plain-error analysis in cases concerning alleged allied offenses of similar import and found that a defendant's substantial rights are violated by conviction for two felonies rather than one when the offenses are allied offenses of similar import and committed with a single animus. *State v. Coffey*, Miami App. No. 2006 CA 6, 2007-Ohio-21, 2007 WL 29424, ¶ 14. See, also, *State v. Puckett* (March 27, 1998), Greene App. No. 97 CA 43.

{¶ 27} In applying R.C. 2941.25, the Ohio Supreme Court established a two-part test for determining whether multiple offenses are allied offenses of similar import. First, the court must compare the elements of the offenses in the abstract to determine whether the elements correspond to such a degree that the commission of one crime will necessarily result in the commission of the other. *State v. Rance* (1999), 85 Ohio St.3d 632, 636, 710 N.E.2d 699. If the elements do so correspond, the offenses are allied offenses of similar import, and the defendant may be convicted of and sentenced for both offenses only if he committed the crimes separately or with a separate animus. Id. at 638–39, 710 N.E.2d 699.

{¶ 28} The state encourages us to reconsider our recent decision in *Coffey*, wherein we held that kidnapping and aggravated robbery are allied offenses of similar import, requiring consideration of the second step of the analysis set forth in *Rance*. We decline to do so. While we are aware of differing opinions in other appellate courts, we believe that our decision in *Coffey* was the right one.

{¶ 29} The Ohio Supreme Court has previously compared the elements of kidnapping and robbery and found that kidnapping is implicit within every robbery. *State v. Logan* (1979), 60 Ohio St.2d 126, 130, 14 O.O.3d 373, 397 N.E.2d 1345. "[W]hen a person commits the crime of robbery, he must, by the very nature of the crime, restrain the victim for a sufficient amount of time to complete the robbery." Id. at 131, 14 O.O.3d 373, 397 N.E.2d 1345. Thus, kidnapping and aggravated robbery are allied offenses of similar import, and Winn may only be convicted of both crimes if he committed each with a separate animus.

{¶ 30} The second "separate animus" step of the *Rance* analysis was first embodied in the syllabus of *Logan*, wherein the Court held: "In establishing whether kidnapping and another offense of the same or similar kind are committed with a separate animus as to each pursuant to R.C. 2941.25(B), this court adopts the following guidelines:

{¶ 31} "(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions;

{¶ 32} "(b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions."

{¶ 33} In this case, Winn's movement of Hummons the few steps from her hallway into her bedroom, as well as his restraint of her therein, was merely incidental to the aggravated robbery. Moreover, the restraint was relatively brief. It was not secretive, nor did it involve a substantial movement or increase in risk to Hummons. Certainly, Winn used far less restraint in moving his victim in this case than was seen in *Logan*, wherein the court found the same animus for kidnapping and rape when the defendant forced his victim into an alley, around a corner, and down a flight of stairs. Because Winn's victim, Hummons, was held in her bedroom in furtherance of the aggravated robbery, we cannot conclude

that there was a separate animus for the kidnapping and aggravated robbery in this case.

{¶ 34} Because kidnapping and aggravated robbery are allied offenses of similar import, and because Winn did not commit the two crimes with a separate animus, he could be convicted of and sentenced for only one of those crimes. Winn's third assignment of error is sustained.

## V

{¶ 35} Having overruled three of Winn's assignments of error and sustained the other, the judgment of the trial court will be affirmed in part and reversed in part. We will merge Winn's kidnapping conviction into his aggravated robbery conviction and vacate the separate sentence imposed on the kidnapping charge. As modified, the judgment of conviction and sentence is affirmed.

Judgment affirmed
as modified.

BROGAN and GRADY, JJ., concur.