OPINION
{¶ 1} Richard L. Underwood pled no contest in the Montgomery County Court of *Page 2 
Common Pleas to two counts of aggravated theft and two counts of theft. The trial court sentenced Underwood to one year in prison on one count of aggravated theft, to two years in prison on the second count of aggravated theft, and to six months in prison for each count of theft, all four sentences to be served concurrently to each other but consecutive to eleven months in prison imposed in another case. Underwood was also ordered to pay restitution totaling $101,004.75 and court costs.
 {¶ 2} On appeal, Underwood's counsel filed a brief pursuant toAnders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493, stating that he could not find any meritorious issue for appellate review. We informed Underwood that his counsel had filed anAnders brief and of the significance of an Anders brief. We invited Underwood to file a pro se brief within 60 days of March 21, 2008. Underwood did not file a brief.
 {¶ 3} Upon our independent review of the entire record, we determined that Underwood's sentence on each of the four counts arguably violated R.C. 2941.25(A), which states "where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses but the defendant may be convicted of only one." We ordered Underwood's appellate counsel to file a supplemental brief on this issue.
 {¶ 4} Underwood now raises two assignments of error, which we will address together.
 {¶ 5} I. "THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT SENTENCED DEFENDANT-APPELLANT TO MULTIPLE SENTENCES FOR ALLIED OFFENSES OF SIMILAR IMPORT PURSUANT TO R.C. § 2941.25(A)."
 {¶ 6} II. "DEFENDANT-APPELLANT WAS DENIED HIS SIXTH AMENDMENT *Page 3 
RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS A RESULT OF HIS ATTORNEY FAILING TO OBJECT TO THE SENTENCE IMPOSED BY THE COURT SINCE IT VIOLATED R.C. § 2941.25(A)."
 {¶ 7} Underwood claims that the trial court erred in failing to merge the two counts of aggravated theft — Count One in Indictment A (R.C. 2913.02(A)(3)) and the sole count in Indictment B (R.C. 2913.02(A)(2)) — as allied offenses of similar import. Underwood states that these counts stated the same charge over the same period of time with the same victims. Likewise, Underwood claims that both theft counts — Counts Two (R.C. 2913.02(A)(2)) and Three (R.C. 2913.02(A)(3)) of Indictment A — charge theft over $500 on the same date and against the same victim. Underwood further claims that his counsel rendered ineffective assistance by failing to object to the court's failure to merge the charges.
 {¶ 8} In response, the State indicates that Underwood was sentenced in accordance with an agreed sentence. Citing R.C. 2953.08(D), the State asserts that Underwood has waived any claim of error with regard to allied offenses and that his sentence is not subject to review on appeal.
 {¶ 9} At the plea hearing, the trial court articulated the plea as follows:
 {¶ 10} "It's my understanding that on the pleas of no contest, that you will be found guilty and that you will be referred for a presentence investigation with sentencing two weeks from this Wednesday which would take us to August the 29th; that the restitution figure which the parties agree is over one hundred thousand but the exact amount is to be determined during the presentence investigation; that $40,000 of that restitution will have an effect on your sentencing to the point that if $40,000 in restitution is paid prior to your disposition on August *Page 4 
29th, that you would either receive a community control sanction with local incarceration or you would receive a term of not to exceed two years at the Corrections Reception Center in which case the State would not oppose judicial release.
 {¶ 11} "On the other hand, if the $40,000 in restitution is not paid, you would not receive community control but you would be sentenced to the Corrections Reception Center, again, not to exceed two years."
 {¶ 12} Underwood and Underwood's trial counsel both acknowledged that the court's statement was their understanding of the plea as well.
 {¶ 13} At the sentencing hearing, Underwood acknowledged that he had not paid any restitution. The court imposed an aggregate two-year sentence, indicating that "I believe that was the plea agreement, that there would be a two-year maximum sentence."
 {¶ 14} R.C. 2953.08(D)(1) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 15} Several Ohio appellate districts have concluded that R.C. 2953.08(D)(1) bars an appeal of an agreed sentence, even if the sentence includes counts that are allied offenses of similar import. See, e.g.,State v. Turrentine, Allen App. No. 01-08-18, 2008-Ohio-3231; State v.Jackson, Cuyahoga App. No. 86506, 2006-Ohio-3165; State v. Graham (Sept. 30, 1998), Franklin App. No. 97APA11-1524; State v. Henderson (Sept. 27, 1999), Warren App. No. CA99-01-002.
 {¶ 16} We have held otherwise. In State v. Manns, Clark App. No. 2000 CA 58, 2001-Ohio-1822, the defendant pled guilty to three counts of rape and two counts of kidnapping, *Page 5 
pursuant to a negotiated plea. As part of the plea agreement, the State and Manns agreed to a 30-year sentence and to Manns' classification as a sexual offender. On appeal, Manns argued, in part, that the trial court erred in sentencing him to concurrent 10-year prison terms for rape and kidnapping because the offenses were allied offenses of similar import. We agreed, stating:
 {¶ 17} "Because the facts in this case are very similar to those in [State v. Logan (1979), 60 Ohio St.2d 126, 397 N.E.2d 1345], we conclude, as the State appears to concede that we must, that the trial court did err in failing to merge the sentences for kidnapping and rape. Thus, this portion of the trial court's sentence was not authorized by law * * *."
 {¶ 18} Since Manns, we have noted that R.C. 2953.08(D)(1)'s "bar to an appeal has been upheld even when a sentencing court fails to address a possible defect in the sentence, e.g., a possible merger as to whether the defendant committed allied offenses of similar import." State v.Lopez, Clark App. No. 2001 CA 08, 2002-Ohio-1807, citingGraham, supra. However, as Lopez did not concern whether an agreed sentence is authorized by law when the court failed to merge allied offenses of similar import, our holding in Manns controls. (Although we are not inclined to overrule the precedent of this Court, we find the interplay between R.C. 2941.25 and R.C. 2953.08(D)(1) to be an important issue that should be definitively resolved. Should the State be so inclined, this Court is willing to entertain a motion to certify a conflict pursuant to App. R. 25.)
 {¶ 19} R.C. 2941.25 provides:
 {¶ 20} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only *Page 6 
one.
 {¶ 21} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 22} R.C. 2941.25 implements the protections of the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States and Section 10, Article I of the Ohio Constitution. The Double Jeopardy Clauses prohibit a second punishment for the same offense. State v.Lovejoy (1997), 79 Ohio St.3d 440. To avoid that result, when two or more allied offenses of similar import are charged and guilty verdicts for two or more are returned, R.C. 2941.25 mandates that "the defendant may be convicted of only one."
 {¶ 23} R.C. 2941.25 requires a merger of multiple guilty verdicts into a single judgment of conviction, not a merger of sentences upon multiple judgments of conviction. Because the required merger of convictions must precede any sentence the court imposes upon a conviction, Defendant's agreement to the multiple sentences the court imposed could not waive his right to the prior merger that R.C. 2941.25 requires. Neither could his no contest pleas waive his right to challenge his multiple convictions on double jeopardy grounds. Menna v. New York (1975),423 U.S 61, 96 S.Ct. 241, 46 L.Ed.2d 195.
 {¶ 24} In this case, the State conceded in its sentencing memorandum that the offenses at issue are allied offenses of similar import. The State represented in the *Page 7 
first paragraph of its memorandum:
 {¶ 25} "The Defendant was charged by an A B indictment with two counts of Aggravated Theft, felonies of the third degree and two counts of Theft (over $500.00), felonies of the fifth degree. The two counts in each of the different categories of thefts would be considered allied offenses of similar import and would require the Court to sentence the defendant to only one of the thefts."
 {¶ 26} R.C. 5053.08(D) bars appellate review of sentences which a defendant and the prosecution have jointly agreed to recommend when the sentence is one "authorized by law." In light of the State's concession, Underwood's multiple sentences were improperly imposed on convictions the court was required by R.C. 2941.25 to merge. Those multiple sentences were not authorized by law, and our review of the error assigned is not precluded by R.C. 2953.08(D).
 {¶ 27} Accordingly, we find that the trial court erred in failing to merge the convictions of aggravated theft and theft, respectively. Thus, the conviction for aggravated theft under R.C. 2913.02(A)(3) (Count One), for which Underwood received a one-year concurrent sentence, and the conviction for theft under R.C. 2913.02(A)(3) (Count Three), for which Underwood received a six month concurrent sentence will be vacated. We note, however, that correction of this error will not shorten the amount of prison time that Underwood must serve because Underwood received a two-year sentence for aggravated theft under R.C. 2913.02(A)(2) and all sentences were ordered to be served concurrently.
 {¶ 28} The State asserts that, even if this Court finds that the sentences are erroneous, the error does not amount to plain error and we should uphold the *Page 8 
convictions. We disagree. We have held that the failure to merge allied offenses of similar import constitutes plain error, even when the defendant received concurrent sentences. State v. Coffey, Miami App. No. 2006 CA 6, 2007-Ohio-2; State v. Winn, 173 Ohio App.3d 202,2007-Ohio-4327, 877 N.E.2d 1020, at ¶ 26.
 {¶ 29} The assignments of error are sustained.
 {¶ 30} The convictions for aggravated theft under R.C. 2913.02(A)(3) (Count One) and for theft under R.C. 2913.02(A)(3) (Count Three) will be vacated. In all other respects, the judgment will be affirmed.
 GRADY, J., and DONOVAN, J., concur. *Page 1