[Cite as *State v. Hudson*, 2020-Ohio-1403.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-21 |
| | : | |
| v. | : | Trial Court Case No. 2018-CR-795 |
| | : | |
| ROBERT D. HUDSON IV | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of April, 2020.

. . . . . . . . . . .

MARCY VONDERWELL, Atty. Reg. No. 0078311, Assistant Prosecuting Attorney, Greene County Prosecutor's Office, Appellate Division, 61 Greene Street, Suite 200, Xenia, Ohio 45385
 Attorney for Plaintiff-Appellee

BRIAN A. MUENCHENBACH, 40 North Main Street, Suite 1900, Dayton, Ohio 45423
 Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Robert Hudson appeals from his conviction on charges of drug trafficking, drug possession, tampering with evidence, endangering children, and possession of criminal tools. Hudson's counsel filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel asserts that he "finds no merit to any claim of error sufficient to overturn Appellant's conviction and sentence." This Court advised Hudson that counsel filed an *Anders* brief and invited him to file a pro se brief within 60 days, assigning any errors for review by this Court. Hudson did not file a brief. After reviewing the record, we conclude that there are no issues with arguable merit to present on appeal.

## I. Facts and Procedural History

{¶ 2} On September 20, 2018, in Xenia, Ohio, a confidential informant (CI) working with law enforcement officers engaged in a controlled drug buy. Wearing a wire, the CI parked at a gas station in downtown Xenia and waited for the seller. Hudson and another man showed up, got into the CI's vehicle, and sold her methamphetamine. The CI then drove back to a prearranged meeting place and was debriefed by officers.

{¶ 3} Several days later, police executed a search warrant at a residence in Xenia. Inside, they found Hudson and the other man. A blue powder was found on Hudson's face and hands and throughout the residence. Also, officers found various products that are used to manufacture methamphetamine. A firearm and nine-month-old child were also found in the residence. Both men were arrested.

{¶ 4} In October 2018, Hudson was indicted on ten counts: Count 1, aggravated trafficking in drugs, in violation of R.C. 2925.03(A); Count 2, aggravated possession of

drugs, in violation of R.C. 2925.11(A); Count 3, illegal manufacture of drugs, in violation of R.C. 2925.04(A); Count 4, tampering with evidence, in violation of R.C. 2921.12(A)(1); Count 5, aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2); Count 6, aggravated possession of drugs, in violation of R.C. 2925.11(A); Count 7, aggravated possession of drugs, in violation of R.C. 2925.11(A); Count 8, aggravated trafficking in drugs, in violation of R.C. 2925.03(A)(2); Count 9, endangering children, in violation of R.C. 2919.22(B)(6); and Count 10, possession of criminal tools, in violation of R.C. 2923.24(A).

{¶ 5} The case was tried to a jury. At the close of the state's evidence, Hudson's trial counsel moved for a judgment of acquittal under Crim.R. 29 on Counts 1, 4, 5, and 9. On Count 1, counsel argued that the state had failed to prove that Hudson "knowingly sold or offered to sell * * * Fentanyl," because the drug was actually methamphetamine. The trial court disagreed, concluding that the state merely had to prove that Hudson knowingly sold a controlled substance. On Count 4, counsel argued that the state had failed to prove that Hudson tampered with any evidence "with the purpose to impair its value or availability as evidence." (Tr. 432). The trial court agreed and granted the motion for judgment of acquittal as to Count 4. Count 5 included a firearm specification, and trial counsel argued that the state had failed to prove the operability of the firearm. The state conceded the problem, and the trial court granted the motion for acquittal as to the firearm specification. Lastly, on Count 9, counsel argued that there was no evidence that Hudson stood in loco parentis to the child or that anyone identified the actual parent of the child. The court denied the motion for judgment of acquittal as to Count 9, finding that there "was a question as to whether the Defendant allowed the child to be there" and leaving it

to the jury to provide the answer. The jury found Hudson not guilty of Counts 3 and 8 but guilty on the remainder of the counts that were submitted to it. In the end, Hudson was convicted and sentenced on Counts 1, 2, 6, 7, and 9.

**{¶ 6}** In January 2019, defense counsel filed a post-trial motion for judgment of acquittal on Count 9 (endangering children). Counsel argued that Count 3 (illegal manufacture of drugs) was the predicate offense for Count 9, so because Hudson was acquitted on Count 3, he should also be acquitted on Count 9. The trial court denied the motion, concluding that a conviction for illegal manufacture was not statutorily required to sustain a conviction for endangering children. The court found that enough evidence was presented "establishing several components involved in the manufacture of methamphetamine, as well as methamphetamine residue and pills containing methamphetamine on the premises," to find Hudson guilty of endangering children.

**{¶ 7}** Hudson appeals.

## II. Analysis

**{¶ 8}** In the *Anders* brief, Hudson's appellate counsel asserts two potential assignments of error. The state filed a notice that it would not file a response.

### A. Potential claims of ineffective assistance of counsel

**{¶ 9}** The first potential assignment alleges:

WAS MR. HUDSON DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN TRIAL COUNSEL FAILED TO PROPERLY MOVE FOR A JUDGMENT OF ACQUITTAL ON ALL COUNTS OF THE INDICTMENT AND FAILED TO FILE A MOTION TO SUPPRESS CHALLENGING THE SUFFICIENCY OF THE SEARCH

WARRANT.

**{¶ 10}** As to an ineffective-assistance claim, we have said:

A claim of ineffective assistance of trial counsel requires both a showing that trial counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. The prejudice prong requires a finding that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, with a reasonable probability being "a probability sufficient to undermine confidence in the outcome." *Id*. at 694. *See also State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

*State v. McGlown*, 2d Dist. Montgomery No. 25434, 2013-Ohio-2762, ¶ 14.

**{¶ 11}** Here, Hudson's trial counsel filed a motion for judgment of acquittal on Counts 1, 4, 5, and 9. Hudson's appellate counsel suggests that trial counsel may have been ineffective for not filing a motion for acquittal on the other counts. We are not concerned with Counts 3 and 8, of course, because the jury found Hudson not guilty of those offenses. So the question is whether counsel acted unreasonably by not moving for acquittal on Counts 2, 6, or 7 (each charging aggravated possession of drugs) or on Count 10 (possession of criminal tools).

**{¶ 12}** Crim.R. 29 pertinently states that a court should enter a judgment of

acquittal for an offense "if the evidence is insufficient to sustain a conviction of such offense." "Because, when faced with a Crim.R. 29 motion for acquittal, a trial court must view the evidence in a light most favorable to the state, '[f]ailure to move for an acquittal under Crim.R. 29 is not ineffective assistance of counsel where the evidence in the State's case demonstrates that reasonable minds can reach different conclusions as to whether the elements of the charged offense[s] have been proved beyond a reasonable doubt, and that such a motion would have been fruitless.' " *State v. Winn*, 173 Ohio App.3d 202, 2007-Ohio-4327, 877 N.E.2d 1020, ¶ 13 (2d Dist.), quoting *State v. Poindexter*, 2d Dist. Montgomery No. 21036, 2007-Ohio-3461, ¶ 29. Here, given the evidence in the record, we are convinced that reasonable minds could find that the state proved all the elements of the offenses charged in Counts 2, 6, 7, and 10 to warrant submitting them to the jury. Moving for acquittal on these counts would have been fruitless.

{¶ 13} Appellate counsel also suggests that trial counsel may have been ineffective by not filing a motion to suppress based on the insufficiency of the search warrant. "[T]rial counsel is allowed wide latitude in formulating trial strategy." *State v. Olsen,* 2d Dist. Clark No. 09-CA-110, 2011-Ohio-3420, ¶ 121. On this record, with a controlled drug buy and the subsequent search warrant, we fail to see how a motion to suppress on the basis of the warrant's sufficiency would be successful. We cannot say that trial counsel's choice of strategy in this regard amounted to ineffective assistance of counsel.

{¶ 14} We agree with counsel for Hudson that the first potential assignment of error lacks arguable merit.

## B. Denial of motion for judgment of acquittal

{¶ 15} The second potential assignment alleges:

DID THE TRIAL COURT ERR WHEN IT DENIED MR. HUDSON'S POST-JUDGMENT MOTION FOR JUDGMENT OF ACQUITTAL RELATING TO COUNT 9.

{¶ 16} Hudson filed a post-trial motion for judgment of acquittal on Count 9, endangering children in violation of R.C. 2919.22(B)(6), arguing that he could not be convicted for endangering children because he was found not guilty of Count 3, the predicate offense, illegal manufacture of drugs in violation of R.C. 2925.04(A).

{¶ 17} The trial court correctly concluded that a conviction for illegal manufacture of drugs under R.C. 2925.04 was not required to sustain a conviction for endangering children. The endangering statute, R.C. 2919.22(B)(6), specifically states a person may not "[a]llow the child to be on the same parcel of real property and within one hundred feet of * * * any act in violation of section 2925.04 or 2925.041 of the Revised Code when the person knows that the act is occurring, *whether or not any person is prosecuted for or convicted of* the violation of section 2925.04 or 2925.041 of the Revised Code that is the basis of the violation of this division." (Emphasis added.).

{¶ 18} The court also concluded that there was evidence "establishing several components involved in the manufacture of methamphetamine, as well as methamphetamine residue and pills containing methamphetamine on the premises" that were a sufficient basis to find that Hudson knew about and participated in the manufacture of methamphetamine and possessed chemicals necessary for its manufacture. We agree that there was sufficient evidence that Hudson at least knew that methamphetamine was

being manufactured on the property. Consequently, we agree with appellate counsel that the second potential assignment of error lacks arguable merit.

**{¶ 19}** We have also conducted our independent review of the record, and we agree with appellate counsel that there are no non-frivolous issues for review.

### III. Conclusion

**{¶ 20}** Having found no arguable merit in Hudson's *Anders* appeal and no other potentially meritorious issues, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .


DONOVAN, J. and WELBAUM, J., concur.


Copies sent to:

Marcy Vonderwell
Brian A. Muenchenbach
Robert D. Hudson IV
Hon. Stephen Wolaver