[Cite as *State v. Moody*, 2021-Ohio-396.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28389 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-308 |
| | : | |
| JEREMY L. MOODY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 12th day of February, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

SEAN BRINKMAN, Atty. Reg. No. 0088253, 10 West Monument Avenue, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Appellant Jeremy L. Moody was convicted on his no contest plea of aggravated possession of drugs in the Montgomery County Court of Common Pleas. Moody's appointed counsel has filed a brief under the authority of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating he could not find any potentially meritorious appellate issues. Following an independent review of the record, we agree with this assessment. As such, the trial court's judgment will be affirmed.

## Facts and Procedural History

{¶ 2} In this case, without filing a motion to suppress or other pretrial motion, Moody pleaded no-contest to aggravated possession of drugs, a fifth-degree felony. The trial court found Moody guilty. At the same time, in Montgomery C.P. No. 2017-CR-904, Moody pleaded no contest to aggravated possession of drugs, a second-degree felony, and the trial court found Moody guilty of this offense; the no contest plea in Case No. 2017-CR-904 was entered after the trial court overruled a motion to suppress. The parties agreed that Moody's prison term on both cases would be capped at four years. In accordance with the parties' agreement, the trial court sentenced Moody to a four-year prison term in Case No. 2017-CR-904[1] and to a 12-month prison term in this case (Case No. 2019-CR-308), to be served concurrently. This appeal followed.

{¶ 3} As noted, counsel has filed an *Anders* brief, which includes a request to withdraw as counsel. Moody was informed of his right to file a pro se brief, but a brief has not been filed.

### *Anders* Standard

---

[1] On appeal in Case No. 2017-CR-904, Moody challenged the trial court's denial of his motion to suppress. We affirmed the trial court's judgment in *State v. Moody*, 2d Dist. Montgomery No. 28390, 2020-Ohio-3899.

{¶ 4} Upon the filing of an *Anders* brief, an appellate court has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *Id.* at 744; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the appellant.

## *Anders* Analysis

{¶ 5} Counsel has not suggested any potential assignments of error. But, consistent with our duty under *Anders*, we have conducted an independent review of the record to determine if there are any appellate issues that are not wholly frivolous.

{¶ 6} This review included the plea hearing, because due process requires that a defendant's plea be knowing, intelligent, and voluntary. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 25. Compliance with Crim.R. 11(C) insures compliance with this constitutional mandate. *State v. Cole,* 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 12. The trial court strictly complied with the Crim.R. 11(C) requirements when taking Moody's guilty pleas. Based upon this compliance, any argument that Moody's plea was less than knowing, intelligent, and voluntary would be without potential appellate merit.

**{¶ 7}** Additionally, we have reviewed the entire record, including the sentencing hearing.   This review has not revealed any potentially meritorious appellate issues.

## Conclusion

**{¶ 8}** Counsel's request to withdraw is granted.   The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Sean Brinkman
Jeremy L. Moody
Hon. Mary Katherine Huffman