**[Cite as *State v. Crowley*, 2023-Ohio-1764.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-59 |
| | : | |
| v. | : | Trial Court Case No. 22-CR-0329 |
| | : | |
| MICHAEL JEROME CROWLEY, II | : | (Criminal Appeal from Common Pleas Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 26, 2023

. . . . . . . . . . .

ANDREW PARKER PICKERING, Attorney for Appellee

J. DAVID TURNER, Attorney for Appellant

. . . . . . . . . . . .

HUFFMAN, J.

Michael Jerome Crowley, II, appeals from his conviction on one count of kidnapping and one count of assault on a peace officer. Crowley's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that he could not find any potentially meritorious appellate issues and

requesting to withdraw as counsel. This Court advised Crowley that counsel filed an *Anders* brief and invited him to file a pro se brief within 60 days. Crowley did not file a brief. After independently reviewing the record, we conclude that there are no issues with arguable merit to present on appeal. The judgment of the trial court is affirmed.

**Procedural History**

{¶ 1} Crowley was indicted on April 12, 2022, on one count of rape, one count of kidnapping, and one count of aggravated burglary, all of which were felonies of the first degree, as well as one count of assault with a peace officer specification, a felony of the fourth degree. Crowley pled not guilty on April 14, 2022.

{¶ 2} On June 2, 2022, Crowley filed a motion to sever counts one and two (rape and kidnapping) from counts three and four (aggravated burglary and assault) because the allegations occurred at different places and involved different victims. On June 8, 2022, the State opposed the motion, arguing that, at separate trials, it could introduce evidence of the joined offenses as other acts evidence pursuant to Evid.R. 404(B) and that the evidence of each crime was simple and direct.

{¶ 3} Crowley filed a motion in limine on June 24, 2022, seeking to exclude evidence that he was on probation at the time of the offense and had a felony record, as reflected in Crowley's recorded interview with his probation officer. Crowley also sought to exclude a portion of a cruiser camera audio-recording involving a 911 call during which dispatch indicated that Crowley was on probation and a registered sex offender. The court held a hearing on Crowley's motions to sever and in limine. It orally denied the motion to sever counts one and two from counts three and four. The State agreed to

redact the portion of the cruiser camera audio-recording at issue and represented that it would only seek to use Crowley's probation interview if Crowley testified.

{¶ 4} The jury trial commenced on July 7, 2022. On July 8, 2022, the jury found Crowley guilty of kidnapping and assault on a peace officer and not guilty of rape and aggravated burglary. On August 4, 2022, when the matter was scheduled for disposition, the court notified Crowley that, due to the kidnapping conviction, there was a presumption that he be required to register as a violent offender on the Ohio violent offender database. The court thoroughly advised Crowley of his registration and notification requirements should he be placed on the database and further advised that the burden of proof to overcome the presumption was Crowley's. At the request of defense counsel, the matter was continued. On August 5, 2022, Crowley filed a motion objecting to the court's placing him on the violent offender database. On August 19, 2022, the court held a violent offender hearing. Defense counsel represented to the court that, given that there were no other alleged perpetrators of the offenses, there was no evidence to submit to rebut that Crowley was the principal offender. Defense counsel advised the court that Crowley was unable to rebut the presumption that he be placed on the Ohio violent offender database. The court overruled Crowley's motion.

{¶ 5} Crowley was sentenced to a minimum of six years and a maximum of nine years for kidnapping and to 15 months for assault on a peace officer, to be served consecutively, for a maximum term of ten years and three months.

### *Anders* Standard

{¶ 6} The following is well-settled:

Upon the filing of an *Anders* brief, an appellate court has a duty to determine, "after a full examination of the proceedings," whether the appeal is, in fact, "wholly frivolous." *[Anders]* at 744; *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). An issue is not frivolous based upon a conclusion that the State has a strong responsive argument. *State v. Pullen*, 2d Dist. Montgomery No. 19232, 2002-Ohio-6788, ¶ 4. A frivolous issue, instead, is one about which, "on the facts and law involved, no responsible contention can be made that offers a basis for reversal." *State v. Marbury*, 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. If we find that any issue is not wholly frivolous, we must reject the *Anders* brief and appoint new counsel to represent the appellant.

*State v. Moody*, 2d Dist. Montgomery No. 28389, 2021-Ohio-396, ¶ 4.

### *Anders* Analysis

{¶ 7} Appellate counsel identifies three potential issues for purposes of appeal. The State did not file a responsive brief. The first potential issue is that there "is no evidence in the record that suggests that appellant was informed by either the court or his counsel that he had a right to testify in his defense at trial."

{¶ 8} "The right to testify is an inherently personal right and is exercised or waived by the client, not the attorney." *State v.* Copeland, 2d Dist. Montgomery No. 18711, 2002-Ohio-265, *2. During the State's case, outside of the presence of the jury, defense counsel advised the court that he did not believe that Crowley intended to testify. After the State rested, in response to a question by the court outside of the jury's presence

and while Crowley was present, defense counsel represented that he had spoken to Crowley about exercising his right to testify, and then counsel indicated that the defense rested. There is no suggestion that Crowley was unaware of his right to testify or that he was denied an opportunity to do so.

{¶ 9} "The Ohio Supreme Court has rejected the claim that a trial court must inform a defendant of his right to testify at trial." *State v. Sapp*, 2d Dist. Clark No. 1999-CA-84, 2002-Ohio-6863, ¶ 149, quoting *State v. Bey*, 85 Ohio St.3d 487, 499, 709 N.E.2d 484 (1999). "Furthermore, a trial court is not required to inquire whether the defendant's waiver of that right was done knowingly and intelligently." *Id.* "Such an inquiry has been deemed unnecessary, capable of causing confusion and delay, and may also be harmful by interfering with the attorney-client relationship." *State v. Brown*, 11th Dist. Ashtabula No. 2016-A-0021, 2017-Ohio-9259, ¶ 56, citing *Bey* at 497. We agree with appellate counsel that this first proposed assigned error is wholly frivolous.

{¶ 10} The second potential issue raised by appellate counsel is that Crowley was "denied effective assistance of counsel as counsel for appellant failed to move for a dismissal pursuant to Criminal Rule 29."

{¶ 11} As this Court has noted:

> In order to succeed on an ineffective assistance claim, a defendant must establish: (1) his trial counsel's performance was deficient; and (2) the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), paragraph two of the syllabus; *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph two

of the syllabus. To establish deficient performance, a defendant must show that his trial counsel's performance fell below an objective standard of reasonable representation. *Strickland* at 688; *Bradley* at 142. To establish prejudice, a defendant must show that there is "a reasonable probability that, but for counsel's errors, the proceeding's result would have been different." *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 204, citing *Strickland* at 687-688 and *Bradley* at paragraph two of the syllabus. The failure to make a showing of either deficient performance or prejudice defeats a claim of ineffective assistance of counsel. *Strickland* at 697.

*State v. Whaley*, 2d Dist. Clark No. 2020-CA-15, 2021-Ohio-1434, ¶ 14.

{¶ 12} Regarding a judgment of acquittal, this Court has further stated:

Crim.R. 29 pertinently states that a court should enter a judgment of acquittal for an offense "if the evidence is insufficient to sustain a conviction of such offense." "Because, when faced with a Crim.R. 29 motion for acquittal, a trial court must view the evidence in a light most favorable to the state, '[f]ailure to move for an acquittal under Crim.R. 29 is not ineffective assistance of counsel where the evidence in the State's case demonstrates that reasonable minds can reach different conclusions as to whether the elements of the charged offense[s] have been proved beyond a reasonable doubt, and that such a motion would have been fruitless.' " *State v. Winn*, 173 Ohio App.3d 202, 2007-Ohio-4327, 877 N.E.2d 1020, ¶ 13 (2d Dist.),

quoting *State v. Poindexter*, 2d Dist. Montgomery No. 21036, 2007-Ohio-3461, ¶ 29. * * * *State v. Hudson*, 2d Dist. Greene No. 2019-CA-21, 2020-Ohio-1403, ¶ 12.

{¶ 13} The following facts were adduced at trial. Regarding the kidnapping offense, on April 1, 2022, the victim was at her apartment on East John Street in Springfield with her 11-year-old son, while her friend Megan Salyers and Salyer's boyfriend, Crowley, were visiting, having arrived around 3:30 p.m. The adults left to pick up sandwiches in a black Chevy Tahoe, returned to the victim's home, and Crowley and Salyers were drinking alcohol. Salyers and Crowley left the apartment two hours later, and the victim fell asleep on the sofa. Around 7:00 or 7:30 p.m., Crowley loudly knocked on the victim's door and entered her home when she opened it. The victim testified that, while her son was present, Crowley sat her down on the couch, pulled out his penis, and began hitting her in the face with it. She testified that he put his hand down her pants, penetrating her with his fingers, and that he sat on her while she told him no repeatedly and could not get away. According to the victim, Crowley hit her on both sides of her face with his hand and picked her up by her legs. She eventually got away, fled the apartment, and called 911. She observed the Chevy Tahoe leaving the scene before returning home, at which time she discovered that the screen of her television had been smashed.

{¶ 14} Regarding the assault on a peace officer, also on the evening of April 1, 2022, Sarah Maynard and Danny Ervin, who resided on Selma Road in Springfield, drove home after a brief absence and observed a black Chevy Tahoe parked in an unusual way

close to their home. They observed a man, later identified as Crowley, staggering toward their front porch from the direction of the Tahoe. Crowley had a bleeding wound on his right hand on top of his middle knuckle. From her vehicle, Maynard told Crowley that he could not enter her home, and he responded, "I don't give a f***. I'm going in and killing everyone." Maynard called 911. She parked her vehicle in an alley, and when she returned to the front of her home, she realized that Crowley was inside.

{¶ 15} Officers Allison Craig and Colin Matt responded immediately, and through a window they observed Crowley in the home. They ordered him to come out with his hands up and, after he did so, they ordered him to get down on the front porch. When Crowley complied, he was handcuffed. Officers Rippley and Walter subsequently arrived, and as all the officers tried to get Crowley to his feet to place him in a cruiser, he resisted. Once up, a screaming Crowley kicked his leg backwards, striking Off. Matt's calf and causing Matt to partially fall off the porch; his left knee struck the porch, resulting in abrasions and swelling. A video of the encounter from Craig and Matt's cruiser camera was played for the jury.

{¶ 16} Droplets of blood were found inside Maynard and Ervin's home upon their return, and blood was found inside the Tahoe. The officers learned that the plates on the Chevy Tahoe came back to Salyers. They also learned that a sexual assault had been reported the same evening, and the victim had identified Crowley as the perpetrator. The East John Street address was a five- to six-minute drive from the Selma Road address. Officers Rippley and Walter were subsequently dispatched from Selma Road to East John Street on the reported sexual assault, where they interviewed the victim and

took photographs.

{¶ 17} R.C. 2905.01(A)(4) defines kidnapping and states: "No person, by force, threat or deception, * * * shall * * * restrain the liberty of the other person, for any of the following purposes: * * * (4) To engage in sexual activity * * * with the victim against the victim's will." R.C. 2903.13(A) defines assault and states: "No person shall knowingly cause or attempt to cause physical harm to another * * *." Based on the evidence adduced at trial, we are convinced that reasonable minds could find that the State had proved all the elements of kidnapping and assault on a peace officer beyond a reasonable doubt. Accordingly, any suggestion that failure to move for acquittal on these counts showed ineffective assistance of counsel is wholly frivolous.

{¶ 18} The third potential assignment of error is that the "trial court erred in denying appellant's motion to sever counts pursuant to Crim.R. 14."

{¶ 19} Crim.R. 8(A) governs the joinder of offenses and provides:

Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.

{¶ 20} "The law favors joinder to prevent successive trials, to minimize the possibility of incongruous results in successive trials before different juries, to conserve judicial resources, and to diminish the inconvenience to witnesses." *State v. Broadnax*,

2d Dist. Montgomery No. 21844, 2007-Ohio-6584, ¶ 33. "Even if offenses are properly joined pursuant to Crim.R. 8(A), a defendant may move to sever the charges pursuant to Crim.R. 14. *Id.* at ¶ 37. Crim.R. 14 requires the trial court to order separate trials "[i]f it appears that a defendant * * * is prejudiced by a joinder of offenses[.]" "If the trial court refuses to sever offenses, the 'defendant must demonstrate that the court abused its discretion in refusing to separate the charges for trial.' " *State v. McComb*, 2017-Ohio-4010, 91 N.E.3d 255, ¶ 51 (2d Dist.), citing *Broadnax* at ¶ 37, citing *State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990).

{¶ 21} The record reflects that Crowley failed to renew his claim of prejudicial joinder. Even if we were to conclude that the failure to renew the motion arguably constituted deficient performance, we further cannot conclude, on this record, that there is a nonfrivolous argument that the failure to renew the motion prejudiced Crowley. Evid.R. 404(B) provides that evidence of other crimes, wrongs or acts may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Other acts "are inextricably intertwined with a charged crime when they are so blended or connected with the charged crime that proof of one incidentally involves the other, explains the circumstances thereof, or tends logically to prove any element of the crime charged." *State v. Sinclair*, 2d Dist. Greene No. 2002-CA-33, 2003-Ohio-3246, ¶ 35, citing *State v. Wilkinson*, 64 Ohio St.2d 308, 317, 415 N.E.2d 261. In other words, "other acts" evidence "is inextricably intertwined with charged conduct when testimony about the other acts is 'necessary to give the complete picture of what occurred.' " *Id.,* citing *Wilkinson* at 318. "If in separate trials the state

could introduce evidence of the joined offenses as 'other acts' under Evid.R. 404(B), a defendant cannot claim prejudice from the joinder." *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767N.E.2d 166, ¶ 50. "The state may also negate a claim of prejudice by satisfying the less stringent 'joinder test,' which requires a showing 'that evidence of each crime is simple and direct.' " (Citations omitted). *Id.*

{¶ 22} According to the testimony, the offenses herein occurred close in time and place and in a continuing or ongoing course of conduct. Two officers who responded to the burglary on Selma Road then proceeded to talk with the victim of the kidnapping on East John Street. The black Chevy Tahoe was present at both offenses, and the plates came back to Salyers, who had been at the kidnapping victim's home with Crowley prior to the kidnapping. A television at the East John Street residence where the kidnapping occurred had been damaged after the victim left, and Crowley was bleeding when he was observed at the scene of the burglary; there was also blood in the Tahoe and in multiple locations inside the home of Maynard and Ervin. Based on this evidence, the trial court reasonably denied the motion to sever. Because severance was not required, we conclude that it would be wholly frivolous to argue that the trial court abused its discretion in overruling the severance motion.

## Conclusion

{¶ 23} In addition to reviewing appellate counsel's potential assignments of error, and consistent with our duty under *Anders,* we have independently reviewed the entire record to determine if there are any non-frivolous appellate issues. This review includes pretrial motions and hearings, the trial transcript, exhibits, the violent offender hearing,

the PSI, and disposition.   After doing so, we have found no issues with arguable merit for Crowley to advance on appeal.   Therefore, we affirm the judgment of the trial court and grant appellate counsel's motion to withdraw.

. . . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.